22-16243

IN THE UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**MICHAEL FLOYD,**

Plaintiff-Appellant,

**v.**

**SAN JOSE POLICE DEPARTMENT, et al.,**

Defendants-Appellees.

On Appeal from the United States District Court
for the Northern District of California

No. 3:22-cv-00751
The Honorable Charles R. Breyer, Judge

**ANSWERING BRIEF
FOR THE STATE OF CALIFORNIA**

Rob Bonta
Attorney General of California
Thomas S. Patterson
Senior Assistant Attorney General
P. Patty Li
Supervising Deputy Attorney General
Elizabeth K. Watson
Deputy Attorney General
State Bar No. 295221
 455 Golden Gate Avenue, Suite 11000
 San Francisco, CA 94102-7004
 Telephone: (415) 510-3847
 Email: Elizabeth.Watson@doj.ca.gov
*Attorneys for the State of California*

# TABLE OF CONTENTS

**Page**

Introduction ........................................................................................1

Jurisdictional Statement .....................................................................2

Statement Regarding Addendum.........................................................2

Issue Presented ..................................................................................2

Statement of the Case.........................................................................2

    I.      Plaintiff's Arrest ....................................................................2

    II.     Plaintiff's Ongoing State Court Criminal Proceedings ............3

    III.   Plaintiff's Federal Lawsuit....................................................4

Standard of Review.............................................................................6

Summary of Argument ........................................................................6

Argument.............................................................................................7

    I.      This Case Satisfies All Criteria for Younger Abstention. .........7

          A.     The State Court Proceeding Is Ongoing ........................8

          B.     The State Proceeding Implicates Important State
               Interests ......................................................................8

          C.     Plaintiff had a Meaningful Opportunity to Raise a
               Constitutional Challenge.................................................9

          D.     The Requested Relief Seeks to Enjoin or has the
               Practical Effect of Enjoining the Ongoing State
               Judicial Proceeding ....................................................11

    II.     No Exception to Younger Applies. .......................................13

Conclusion........................................................................................15

# TABLE OF AUTHORITIES

**Page**

CASES

*Applied Underwriters, Inc. v. Lara*
 37 F.4th 579 (9th Cir. 2022)...................................................................15

*Baffert v. California Horse Racing Bd.*
 332 F.3d 613 (2003)........................................................................13, 14

*Bean v. Matteucci*
 986 F.3d 1128 (9th Cir. 2021).........................................................7, 11

*Beltran v. State of Calif.*
 871 F.2d 777 (9th Cir. 1988)...................................................................12

*Canatella v. California*
 404 F.3d 1106 (9th Cir. 2005).........................................................8, 13

*Collins v. City of San Diego*
 841 F.2d 337 (9th Cir. 1988)....................................................................1

*Communications Telesystems Intern. v. California Public
Utility Com'n*
 196 F.3d 1011 (9th Cir. 1999)................................................................10

*Corey v. United States*
 375 U.S. 169 (1963)..................................................................................8

*Gilbertson v. Albright*
 381 F.3d 965 (9th Cir. 2004) (en banc) .......................................6, 12, 13

*Hawaii Housing Auth. v. Midkiff*
 467 U.S. 229 (1984)..................................................................................7

*Lebbos v. Judges of Superior Court*
 883 F.2d 810 (9th Cir. 1989)..................................................................10

ii

## TABLE OF AUTHORITIES
### (continued)

**Page**

*Lockyer v. Mirant Corp.*
398 F.3d 1098 (9th Cir. 2005)..................................................................2

*Mann v. Jett*
781 F.2d 1448 (9th Cir. 1986).......................................................8, 9, 11

*Middlesex County Ethics Committee v. Garden State Bar Ass'n*
457 U.S. 423 (1982)..........................................................................10, 11

*Miofsky v. Superior Court of Cal.*
703 F.2d 332 (9th Cir. 1983)...........................................................9, 12

*Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*
460 U.S. 1 (1983)..................................................................................2

*Page v. King*
932 F.3d 898 (9th Cir. 2019)....................................................................8

*Partington v. Gedan*
961 F.2d 852 (9th Cir. 1992)..................................................................14

*People v. Greer*
110 Cal. App. 3d 235 (1980)..................................................................12

*People v. Jones*
72 Cal. App. 3d 624 (1977).....................................................................12

*Potrero Hills Landfill, Inc. v. County of Solano*
657 F.3d 876 (9th Cir. 2011)....................................................................8

*Readylink Healthcare, Inc. v. State Compensation Ins. Fund.*
754 F.3d 754 (9th Cir. 2014)....................................................................6

*Younger v. Harris*
401 U.S. 31 (1971).........................................................................*passim*

iii

# TABLE OF AUTHORITIES
## (continued)

**Page**

STATUTES

United States Code, Title 18
§ 242 ............................................................................5

United States Code, Title 34
§ 12601(a) ...................................................................5

United States Code, Title 42
§ 1981 ..........................................................................5
§ 1983 ..........................................................................5

California Penal Code
§ 245(a)(2) ...................................................................3
§ 417(a)(2) ...................................................................3
§ 24500(a)(1) ...............................................................3

CONSTITUTIONAL PROVISIONS

United States Constitution
Second Amendment .................................................*passim*
Fourteenth Amendment ...........................................4

**INTRODUCTION**

In this appeal, Plaintiff Michael Devin Floyd seeks to reverse the district court's order to the extent that it stays federal proceedings on *Younger* grounds. Because all of the *Younger* abstention criteria are met, the district court properly stayed the Plaintiff's Second Amendment claim—the only claim remaining against the Attorney General—pending the resolution of Plaintiff's state court criminal proceedings. The Plaintiff argues that *Younger* abstention is not appropriate because he has allegedly been treated unfairly in his criminal proceedings by prosecutors, other government actors and the superior court. Much of his brief consists of allegations regarding harms suffered during his arrest and subsequent state court criminal proceedings. The district court carefully considered these allegations and correctly concluded that despite Plaintiff's disagreements with prosecutors, other government actors and superior court rulings, the *Younger* abstention criteria are met and no exception applies.[1]

This court should affirm.

---

[1] In addition to staying the case, the district court dismissed several of Plaintiff's claims against the Attorney General, with prejudice. 1-ER-11–13. Plaintiff's brief does not address the dismissed claims. Thus, these issues are waived. *See Collins v. City of San Diego*, 841 F.2d 337, 339 (9th Cir. 1988) ("It is well established in this Circuit that claims which are not addressed in the appellant's brief are deemed abandoned.").

1

## JURISDICTIONAL STATEMENT

Although stay orders are not final judgments, a stay order is appealable if it places the plaintiff "effectively out of court." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 10 (1983). This Court has held that this principle applies wherever there is a possibility that proceedings in another court could moot an action or a claim, even if there is no guarantee that they will do so. *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1102 (9th Cir. 2005). Such is the case here.

## STATEMENT REGARDING ADDENDUM

All pertinent constitutional, statutory, and regulatory provisions are set forth in the addendum to this brief. (Ninth Circuit Rule 28-2.7.)

## ISSUE PRESENTED

1. Whether the district court properly stayed federal proceedings on *Younger* abstention grounds.

## STATEMENT OF THE CASE

### I. PLAINTIFF'S ARREST

On August 18, 2021, Plaintiff was pulled over by San Jose Police Department officers. 1-ER-5. Plaintiff's vehicle fit the description of one that was involved in a weapons incident. 1-ER-6. The officers searched Plaintiff's vehicle and found an unregistered firearm. 1-ER-5–6. Police

2

arrested Plaintiff, allegedly using excessive force in the process. 1-ER-5.

Plaintiff was allegedly not given *Miranda* warnings. 1-ER-5.

Plaintiff allegedly suffered physical and mental injuries as a result of the incident. 1-ER-6–7. Plaintiff, a Louisiana resident, alleges that he was forced to remain in California after his arrest, which caused hardship, including the loss of job opportunities. 1-ER-6–7.

## II. PLAINTIFF'S ONGOING STATE COURT CRIMINAL PROCEEDINGS

On or around August 20, 2021, the Santa Clara County District Attorney's Office filed a criminal complaint against Plaintiff in Santa Clara County Superior Court. 1-ER-6. The Complaint charged Plaintiff with felony carrying of a concealed firearm in a vehicle and misdemeanor exhibiting of a firearm, violations of California Penal Code sections 24500(a)(1) and 417(a)(2), respectively. 1-ER-6. The District Attorney later amended the misdemeanor charge to felony assault with a firearm, a violation of California Penal Code section 245(a)(2). 5-ER-862; 5-ER-987–88.

In the course of his state criminal proceedings, Plaintiff has raised several constitutional arguments. Specifically, Plaintiff filed a "Racial Injustice Motion" in which he argued, among other things, that the laws under which he is charged violate the Second Amendment. 2-

CaliforniaSER-57–58. That motion was denied by the superior court. 1-ER-9. He also invoked the Second Amendment in his motion to have the unregistered weapons charge reduced to a misdemeanor. 4-ER-583.

Since the filing of the criminal complaint, there have been multiple hearings in Plaintiff's criminal case. 1-ER-6. The criminal case remains ongoing, with a trial-setting hearing having been held on February 17, 2023 and another scheduled to take place May 3, 2023.

## III. PLAINTIFF'S FEDERAL LAWSUIT

Plaintiff filed the original complaint in this action, which did not name the Attorney General, on February 4, 2022. 6-ER-1059. Plaintiff filed the operative complaint, which names the Attorney General and multiple municipal defendants (San Jose Police Department, City of San Jose, City of San Jose City Attorney's Office, and several individual police officers), on March 10, 2022. 1-CaliforniaSER-26–36. In his amended complaint, Plaintiff alleged violations of his Second, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendment rights under the United States Constitution, based on the August 2021 stop, the officers' search of his car, his arrest without being advised of his *Miranda* rights, and the manner of his arrest (which allegedly involved the use of excessive force and the seizure of his gun). 1-CaliforniaSER-26–36. Although the amended complaint is somewhat

4

unclear, Plaintiff appears to have intended to name the Attorney General, in his individual and official capacities, in claims asserting violations of 42 U.S.C. § 1983 (prohibiting the deprivation of an individual's constitutional right); 42 U.S.C. § 1981 (prohibiting racial discrimination in entering and enforcing contracts), 34 U.S.C. § 12601(a) (criminal statute concerning juvenile justice), 18 U.S.C. § 242 (criminal statute prohibiting a person acting under color of law from depriving an individual of a constitutional right) and/or *Monell* (constitutional violation resulting from policy or custom of local government body), and seeking damages for these violations.  1-CaliforniaSER-26–36; 1-ER-12–13.

The Attorney General moved to dismiss all claims against him except one: the Plaintiff's claim that the laws under which he was charged violate the Second Amendment of the U.S. Constitution.  1-CaliforniaSER-23–25. The Attorney General also joined the portion of the other defendants' motion to dismiss arguing that the case should be stayed based on *Younger v. Harris*, 401 U.S. 31 (1971).  1-CaliforniaSER-15–17; 1-CaliforniaSER-2–3. The district court dismissed all claims against the Attorney General except the Second Amendment claim, and stayed that claim and the claims against the other defendants based on *Younger* abstention.  1-ER-5–14.  Plaintiff timely appealed.  6-ER-1055–57; 6-ER-1066.

5

**STANDARD OF REVIEW**

This Court reviews a district court's *Younger* determination de novo.

*See Readylink Healthcare, Inc. v. State Compensation Ins. Fund.* 754 F.3d

754, 758 (9th Cir. 2014) (citing *Gilbertson v. Albright*, 381 F.3d 965, 982

n.19 (9th Cir. 2004) (en banc)).

**SUMMARY OF ARGUMENT**

The district court correctly concluded that Plaintiff's case must be

stayed under the *Younger* doctrine, which permits district courts to abstain

from hearing cases involving federal issues that have or could have already

been litigated in a state forum. Plaintiff could have—and already has—

raised his constitutional claims in state court, where his criminal proceedings

are ongoing. Those criminal proceedings implicate important state interests,

and the relief Plaintiff seeks in this federal action would enjoin or have the

practical effect of enjoining the ongoing state proceedings. In addition, no

exception to the *Younger* doctrine applies here. Thus, abstention is

appropriate.

The district court properly rejected Plaintiff's arguments that the

*Younger* criteria are not met and that the bad faith exception to *Younger*

should apply. That Plaintiff's state court motion raising his constitutional

objections was denied does not mean that he was prevented from litigating

6

his constitutional claims there. Likewise, Plaintiff's disagreement with prosecutorial decisions, the actions of government actors, and superior court rulings does not mean that prosecutors, government actors, or the superior court were acting in bad faith.

This Court should affirm the district court's order.

## ARGUMENT

### I. THIS CASE SATISFIES ALL CRITERIA FOR *YOUNGER* ABSTENTION.

The central premise of the *Younger* abstention doctrine is that "interests of comity and federalism counsel federal courts to abstain from jurisdiction whenever federal claims have been or could be presented in ongoing state judicial proceedings that concern important state interests." *Hawaii Housing Auth. v. Midkiff,* 467 U.S. 229, 237–38 (1984).

"*Younger* applies when (1) there is an ongoing state judicial proceeding; (2) the proceeding implicates important state interests; (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges; and (4) the requested relief seeks to enjoin or has the practical effect of enjoining the ongoing state judicial proceeding." *Bean v. Matteucci,* 986 F.3d 1128, 1133 (9th Cir. 2021) (internal quotation and citation omitted). "District courts applying *Younger* must exercise

jurisdiction except when specific legal standards are met, and may not exercise jurisdiction when those standards are met; there is no discretion vested in the district courts to do otherwise." *Canatella v. California*, 404 F.3d 1106, 1113 (9th Cir. 2005) (internal quotation marks and citation omitted). This case satisfies all of the standards for *Younger* abstention.

## A. The State Court Proceeding Is Ongoing

It is undisputed that Plaintiff's criminal proceedings are "plainly ongoing for purposes of *Younger*" because "no final judgment has been entered in state court[.]" *Page v. King*, 932 F.3d 898, 902 (9th Cir. 2019) (internal quotation marks and citation omitted); *see also Corey v. United States*, 375 U.S. 169, 174 (1963) ("Final judgment in a criminal case . . . means sentence. The sentence is the judgment."). Indeed, "[w]hen a state criminal prosecution has begun, the *Younger* rule directly bars a declaratory judgment action." *Mann v. Jett*, 781 F.2d 1448, 1449 (9th Cir. 1986).

## B. The State Proceeding Implicates Important State Interests

Here, as in *Younger*, criminal state court proceedings are at issue. Because "the state is in an enforcement posture in the state proceedings, the 'important state interest requirement' is easily satisfied[.]" *Potrero Hills Landfill, Inc. v. County of Solano*, 657 F.3d 876, 883–84 (9th Cir. 2011). In

fact, "[t]he [*Younger*] doctrine stemmed from the fear that interference with a state criminal prosecution would disrupt the exercise of a basic state function, 'prohibiting the State from carrying out the important and necessary task of enforcing these laws against socially harmful conduct that the State believes in good faith to be punishable under its laws and Constitution.'" *Miofsky v. Superior Court of Cal.,* 703 F.2d 332, 336 (9th Cir. 1983) (quoting *Younger*, 401 U.S. at 51–52); *see also Mann*, 781 F.2d at 1449 (abstention appropriate where state criminal court proceedings were ongoing). Thus, there is no question that the state proceeding implicates important state interests.

### C. Plaintiff had a Meaningful Opportunity to Raise a Constitutional Challenge

The state criminal proceedings offer an adequate opportunity for Plaintiff to raise constitutional claims, and it is improper for Plaintiff to instead raise those claims here. *See Mann*, 781 F.2d at 1449 (plaintiff "can adequately litigate in the ongoing state criminal proceedings his underlying [constitutional] claim"). "Abstention is based upon the theory that '[t]he accused should first set up and rely upon his defense in the state courts, even though this involves a challenge to the validity of some statute, unless it plainly appears that this course would not afford adequate protection.'"

*Middlesex County Ethics Committee v. Garden State Bar Ass'n*, 457 U.S. 423, 435 (1982) (quoting *Younger*, 401 U.S. at 45). The burden rests on Plaintiff to show that he was "barred from raising [his] federal claims in the [state court] action." *Lebbos v. Judges of Superior Court,* 883 F.2d 810, 815 (9th Cir. 1989).

Plaintiff argues that the state court's denial of his motion raising Second Amendment arguments constitutes evidence that he has not and will not have the opportunity to raise constitutional claims. Pl.'s Br. at 21–22. Plaintiff misunderstands what the adequate opportunity prong of the *Younger* abstention doctrine requires. "*Younger* requires only the absence of 'procedural bars' to raising a federal claim in state proceedings." *Communications Telesystems Intern. v. California Public Utility Com'n*, 196 F.3d 1011, 1020 (9th Cir. 1999) (citing cases). As this Court has recognized, the adequate opportunity prong is not satisfied where a plaintiff "does not dispute that it could have presented its federal claims to the California Supreme Court but argues only that the opportunity was inadequate because of the court's practice of summarily denying petitions for review of [agency] decisions." *Id.*

The same principle applies here. As the district court explained, the denial of Plaintiff's state court motions discussing alleged constitutional

violations does not mean Plaintiff has not had adequate opportunity to bring his federal constitutional claims in state court. 1-ER-9. He has had the opportunity to bring those claims, and has in fact already used that opportunity by filing motions challenging the constitutionality of the laws under which he has been charged. He may also appeal the rulings of the superior court on any of his motions by following the appropriate appellate procedures. *See* 1-ER-9. Indeed, "[m]inimal respect for the state processes, of course, precludes any *presumption* that the state courts will not safeguard federal constitutional rights." *Middlesex*, 457 U.S. at 431 (emphasis in original). Plaintiff faces no procedural bar to raising his federal constitutional claims and has had adequate opportunity to raise those claims in his criminal proceedings.

### D. The Requested Relief Seeks to Enjoin or has the Practical Effect of Enjoining the Ongoing State Judicial Proceeding

The final factor of the *Younger* analysis is whether "the requested relief seeks to enjoin or has the practical effect of enjoining the ongoing state judicial proceeding." *Bean,* 986 F.3d at 1133 (internal quotation and citation omitted). This is because when criminal state court proceedings are ongoing "the potential for federal-state friction resulting from federal intervention is obvious." *Mann*, 781 F.2d at 1449 (internal quotation marks, alterations and

citation omitted); *see also Miofsky*, 703 F.2d at 336 ("The *Younger* doctrine was borne of the concern that federal court injunctions might unduly hamper a state in its prosecution of criminal laws.").

Here, "a determination that the federal plaintiff's constitutional rights have been violated would have the same practical effect as a declaration or injunction on pending state proceedings." *Albright*, 381 F.3d at 968. For example, a federal court ruling that the seizure of Plaintiff's firearm violated the Second Amendment would be a defense to a charge of unlawful possession of a firearm. *See e.g., People v. Greer*, 110 Cal. App. 3d 235 (1980); *People v. Jones*, 72 Cal. App. 3d 624 (1977). Thus, a ruling in Plaintiff's favor on the Second Amendment claim (or other constitutional claims) would require that his criminal prosecution be stayed and potentially dismissed. *See Albright*, 381 F.3d at 984 (abstention required where plaintiff sued regarding due process and equal protection violations in connection with ongoing state court proceeding); *Beltran v. State of Calif.*, 871 F.2d 777, 782 (9th Cir. 1988) (abstention required in action seeking declaratory relief regarding constitutional claims raised in connection with matter already being litigated in state court).

\*       \*       \*

12

Because all of the *Younger* criteria are met, the district court correctly stayed federal proceedings pending the resolution of Plaintiff's state court criminal proceedings.

## II. NO EXCEPTION TO *YOUNGER* APPLIES.

Where the standard is met, "*Younger* abstention is mandatory[.]" *Canatella*, 404 F.3d at 1117; *see also Baffert v. California Horse Racing Bd.*, 332 F.3d 613, 617 (2003) ("If the circumstances giving rise to *Younger* abstention apply, the district court must dismiss the action."). The only circumstances where a federal court can exercise jurisdiction even when the *Younger* abstention criteria have been satisfied is "where the District Court properly finds that the state proceeding is motivated by a desire to harass or is conducted in bad faith or where the challenged statute is flagrantly and patently violative of express constitutional prohibitions in every clause, sentence, and paragraph, and in whatever manner and against whomever an effort might be made to apply it." *Albright*, 381 F.3d at 983 (internal quotation and citation omitted); *see also Baffert*, 332 F.3d at 621 ("an exception to *Younger* abstention applies if the state proceedings demonstrate 'bad faith, harassment, or some other extraordinary circumstances that would make abstention inappropriate'") (citation omitted).

As the district court correctly explained, Plaintiff's frustration with his state court criminal proceedings and disagreement with the prosecutorial and state court decisions, while genuine, does not amount to him being unable to raise constitutional claims or rise to the level of establishing bad faith under *Younger*. 1-ER-10. "In the *Younger* abstention context, bad faith generally means that a prosecution has been brought without a reasonable expectation of obtaining a valid conviction." *Baffert*, 322 F.3d at 621 (quoting *Kugler v. Helfant*, 421 U.S. 117, 126 n.6 (1975)). Such bad faith might arise in cases involving "repeated harassment by enforcement authorities with no intention of securing a conclusive resolution" or where there is evidence of "pecuniary bias by the tribunal." *Partington v. Gedan*, 961 F.2d 852, 861–62 (9th Cir. 1992).

Plaintiff's allegations cannot meet this high bar. The criminal charges have a legitimate basis, and were brought with the expectation of obtaining a valid conviction. The police found an unregistered gun in Plaintiff's vehicle, which is a reasonable basis for bringing the charges at issue. 1-ER-6–7. Plaintiff cites no evidence that supports his conclusory statements that these charges were fabricated to harass him or that the superior court is motivated by bias against him. *See*, *e.g.*, Pl.'s Br. at 9–10, 32–34.

14

In any case, "[s]imply alleging that the Superior Court made an incorrect ruling, even a 'clear error,' is not sufficient to defeat an otherwise proper application of abstention." *Applied Underwriters, Inc. v. Lara*, 37 F.4th 579, 597 n.11 (9th Cir. 2022). Even if Plaintiff were correct that California's firearms statutes conflict with the federal constitution, the federal court "must respect the competency of the parallel state court system to correct any mistakes of law that are made in that system." *Id.* Plaintiff may file an appeal in California's state court system, if he believes the superior court erred in rejecting his constitutional objections. Because Plaintiff alleges, at most, legal error by prosecutors and the superior court, and because Plaintiff may seek to correct this error through an appeal in state court, the extraordinary circumstances required in order for an exception to *Younger* to apply are not present here.

## CONCLUSION

For the above reasons, the Court should affirm the district court's order.

Dated:  March 9, 2023          Respectfully submitted,


                               ROB BONTA
                               Attorney General of California
                               THOMAS S. PATTERSON
                               Senior Assistant Attorney General
                               P. PATTY LI
                               Supervising Deputy Attorney General


                               *s/ Elizabeth K. Watson*
                               ELIZABETH K. WATSON
                               Deputy Attorney General
                               *Attorneys for the State of California*

22-16243

IN THE UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**MICHAEL FLOYD,**

Plaintiff-Appellant,

**v.**

**SAN JOSE POLICE DEPARTMENT, et al.,**

Defendants-Appellees.

**STATEMENT OF RELATED CASES**

To the best of our knowledge, there are no related cases.

Dated:  March 9, 2022

Respectfully submitted,

ROB BONTA
Attorney General of California
THOMAS S. PATTERSON
Senior Assistant Attorney General
P. PATTY LI
Supervising Deputy Attorney General

*s/ Elizabeth K. Watson*
ELIZABETH K. WATSON
Deputy Attorney General
*Attorneys for the State of California*

17

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT
### Form 8. Certificate of Compliance for Briefs

*Instructions for this form:* http://www.ca9.uscourts.gov/forms/form08instructions.pdf

**9th Cir. Case Number(s)** | 22-16243

I am the attorney or self-represented party.

**This brief contains** | 2,983 | **words**, excluding the items exempted by Fed. R. App. P. 32(f). The brief's type size and typeface comply with Fed. R. App. P. 32(a)(5) and (6).

I certify that this brief *(select only one)*:

◉ complies with the word limit of Cir. R. 32-1.

○ is a **cross-appeal** brief and complies with the word limit of Cir. R. 28.1-1.

○ is an **amicus** brief and complies with the word limit of Fed. R. App. P. 29(a)(5), Cir. R. 29-2(c)(2), or Cir. R. 29-2(c)(3).

○ is for a **death penalty** case and complies with the word limit of Cir. R. 32-4.

○ complies with the longer length limit permitted by Cir. R. 32-2(b) because *(select only one):*

　○ it is a joint brief submitted by separately represented parties;

　○ a party or parties are filing a single brief in response to multiple briefs; or

　○ a party or parties are filing a single brief in response to a longer joint brief.

○ complies with the length limit designated by court order dated [          ].

○ is accompanied by a motion to file a longer brief pursuant to Cir. R. 32-2(a).

**Signature** | s/ Elizabeth K. Watson | **Date** | Mar 9, 2023

*(use "s/[typed name]" to sign electronically-filed documents)*

*Feedback or questions about this form? Email us at* forms@ca9.uscourts.gov

**Form 8**      18      *Rev. 12/01/2018*

22-16243

IN THE UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**MICHAEL FLOYD,**

Plaintiff-Appellant,

**V.**

**SAN JOSE POLICE DEPT., et al.,**

Defendants-Appellees.

**ADDENDUM TO ANSWERING BRIEF FOR THE
STATE OF CALIFORNIA**

United States Code, Title 18
    § 242……………………………………………………….…...ADD-1

California Penal Code
    § 245……………………………………………………….…...ADD-2
    § 417………………………………………………………………ADD-4

United States Code, Title 42
    § 1981…………………………………………………………..ADD-6

United States Code, Title 34
    § 12601…………………………………………………….....ADD-8

California Penal Code
    § 25400…………………………………………………………ADD-10

⚑ KeyCite Yellow Flag - Negative Treatment
Proposed Legislation

---

United States Code Annotated
  Title 18. Crimes and Criminal Procedure (Refs & Annos)
    Part I. Crimes (Refs & Annos)
      Chapter 13. Civil Rights

---

18 U.S.C.A. § 242

§ 242. Deprivation of rights under color of law

Effective: October 11, 1996

Currentness

Whoever, under color of any law, statute, ordinance, regulation, or custom, willfully subjects any person in any State, Territory, Commonwealth, Possession, or District to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States, or to different punishments, pains, or penalties, on account of such person being an alien, or by reason of his color, or race, than are prescribed for the punishment of citizens, shall be fined under this title or imprisoned not more than one year, or both; and if bodily injury results from the acts committed in violation of this section or if such acts include the use, attempted use, or threatened use of a dangerous weapon, explosives, or fire, shall be fined under this title or imprisoned not more than ten years, or both; and if death results from the acts committed in violation of this section or if such acts include kidnapping or an attempt to kidnap, aggravated sexual abuse, or an attempt to commit aggravated sexual abuse, or an attempt to kill, shall be fined under this title, or imprisoned for any term of years or for life, or both, or may be sentenced to death.

**CREDIT(S)**

(June 25, 1948, c. 645, 62 Stat. 696; Pub.L. 90-284, Title I, § 103(b), Apr. 11, 1968, 82 Stat. 75; Pub.L. 100-690, Title VII, § 7019, Nov. 18, 1988, 102 Stat. 4396; Pub.L. 103-322, Title VI, § 60006(b), Title XXXII, §§ 320103(b), 320201(b), Title XXXIII, § 330016(1)(H), Sept. 13, 1994, 108 Stat. 1970, 2109, 2113, 2147; Pub.L. 104-294, Title VI, §§ 604(b)(14)(B), 607(a), Oct. 11, 1996, 110 Stat. 3507, 3511.)

Notes of Decisions (357)

18 U.S.C.A. § 242, 18 USCA § 242
Current through P.L. 117-262. Some statute sections may be more current, see credits for details.

---

                    © 2023 Thomson Reuters. No claim to original U.S. Government Works.

---

  © 2023 Thomson Reuters. No claim to original U.S. Government Works.                     **ADD-1**

West's Annotated California Codes
Penal Code (Refs & Annos)
Part 1. Of Crimes and Punishments (Refs & Annos)
Title 8. Of Crimes Against the Person
Chapter 9. Assault and Battery (Refs & Annos)

West's Ann.Cal.Penal Code § 245

§ 245. Assault with deadly weapon or force likely to produce great bodily injury; punishment

Effective: January 1, 2012
Currentness

(a)(1) Any person who commits an assault upon the person of another with a deadly weapon or instrument other than a firearm shall be punished by imprisonment in the state prison for two, three, or four years, or in a county jail for not exceeding one year, or by a fine not exceeding ten thousand dollars ($10,000), or by both the fine and imprisonment.

(2) Any person who commits an assault upon the person of another with a firearm shall be punished by imprisonment in the state prison for two, three, or four years, or in a county jail for not less than six months and not exceeding one year, or by both a fine not exceeding ten thousand dollars ($10,000) and imprisonment.

(3) Any person who commits an assault upon the person of another with a machinegun, as defined in Section 16880, or an assault weapon, as defined in Section 30510 or 30515, or a .50 BMG rifle, as defined in Section 30530, shall be punished by imprisonment in the state prison for 4, 8, or 12 years.

(4) Any person who commits an assault upon the person of another by any means of force likely to produce great bodily injury shall be punished by imprisonment in the state prison for two, three, or four years, or in a county jail for not exceeding one year, or by a fine not exceeding ten thousand dollars ($10,000), or by both the fine and imprisonment.

(b) Any person who commits an assault upon the person of another with a semiautomatic firearm shall be punished by imprisonment in the state prison for three, six, or nine years.

(c) Any person who commits an assault with a deadly weapon or instrument, other than a firearm, or by any means likely to produce great bodily injury upon the person of a peace officer or firefighter, and who knows or reasonably should know that the victim is a peace officer or firefighter engaged in the performance of his or her duties, when the peace officer or firefighter is engaged in the performance of his or her duties, shall be punished by imprisonment in the state prison for three, four, or five years.

(d)(1) Any person who commits an assault with a firearm upon the person of a peace officer or firefighter, and who knows or reasonably should know that the victim is a peace officer or firefighter engaged in the performance of his or her duties, when the peace officer or firefighter is engaged in the performance of his or her duties, shall be punished by imprisonment in the state prison for four, six, or eight years.

(2) Any person who commits an assault upon the person of a peace officer or firefighter with a semiautomatic firearm and who knows or reasonably should know that the victim is a peace officer or firefighter engaged in the performance of his or her duties, when the peace officer or firefighter is engaged in the performance of his or her duties, shall be punished by imprisonment in the state prison for five, seven, or nine years.

(3) Any person who commits an assault with a machinegun, as defined in Section 16880, or an assault weapon, as defined in Section 30510 or 30515, or a .50 BMG rifle, as defined in Section 30530, upon the person of a peace officer or firefighter, and who knows or reasonably should know that the victim is a peace officer or firefighter engaged in the performance of his or her duties, shall be punished by imprisonment in the state prison for 6, 9, or 12 years.

(e) When a person is convicted of a violation of this section in a case involving use of a deadly weapon or instrument or firearm, and the weapon or instrument or firearm is owned by that person, the court shall order that the weapon or instrument or firearm be deemed a nuisance, and it shall be confiscated and disposed of in the manner provided by Sections 18000 and 18005.

(f) As used in this section, "peace officer" refers to any person designated as a peace officer in Chapter 4.5 (commencing with Section 830) of Title 3 of Part 2.

**Credits**

(Enacted in 1872. Amended by Code Am.1873-74, c. 614, p. 428, § 22; Stats.1921, c. 89, p. 86, § 1; Stats.1933, c. 847, p. 2216, § 1; Stats.1961, c. 802, p. 2067, § 1; Stats.1965, c. 1271, p. 3145, § 3; Stats.1965, c. 1985, p. 4510, § 2; Stats.1966, 1st Ex.Sess., c. 21, p. 308, § 4, eff. April 18, 1966; Stats.1968, c. 1222, p. 2321, § 57; Stats.1970, c. 796, p. 1510, § 1; Stats.1972, c. 618, p. 1138, § 114; Stats.1976, c. 420, p. 1018, § 3; Stats.1976, c. 1126, p. 5042, § 7; Stats.1976, c. 1138, p. 5058, § 5; Stats.1976, c. 1139, p. 5105, § 152.5, operative July 1, 1977; Stats.1980, c. 1340, p. 4719, § 3.2, eff. Sept. 30, 1980; Stats.1982, c. 136, p. 437, § 1, eff. March 26, 1982, operative April 25, 1982; Stats.1982, c. 142, p. 469, § 1.2; Stats.1983, c. 1092, § 253, eff. Sept. 27, 1983, operative Jan. 1, 1984; Stats.1989, c. 18, § 1; Stats.1989, c. 1167, § 1; Stats.1993, c. 369 (A.B.1344), § 1; Stats.1999, c. 129 (S.B.23), § 1; Stats.2004, c. 494 (A.B.50), § 1; Stats.2010, c. 178 (S.B.1115), § 53, operative Jan. 1, 2012; Stats.2011, c. 15 (A.B.109), § 298, eff. April 4, 2011, operative Jan. 1, 2012; Stats.2011, c. 39 (A.B.117), § 11, eff. June 30, 2011, operative Jan. 1, 2012; Stats.2011, c. 183 (A.B.1026), § 1.)

**Editors' Notes**

### LAW REVISION COMMISSION COMMENTS

2010 Amendment

Section 245 is amended to reflect nonsubstantive reorganization of the statutes governing control of deadly weapons. [38 Cal.L.Rev.Comm. Reports 217 (2009)].

Notes of Decisions (941)

West's Ann. Cal. Penal Code § 245, CA PENAL § 245
Current with all laws through Ch. 997 of 2022 Reg.Sess.

© 2023 Thomson Reuters. No claim to original U.S. Government Works.

 © 2023 Thomson Reuters. No claim to original U.S. Government Works. **ADD-3**

West's Annotated California Codes
  Penal Code (Refs & Annos)
    Part 1. Of Crimes and Punishments (Refs & Annos)
      Title 11. Of Crimes Against the Public Peace

West's Ann.Cal.Penal Code § 417

§ 417. Drawing, exhibiting, or using firearm or deadly weapon; self defense; peace officers

Effective: October 1, 2011

Currentness

(a)(1) Every person who, except in self-defense, in the presence of any other person, draws or exhibits any deadly weapon whatsoever, other than a firearm, in a rude, angry, or threatening manner, or who in any manner, unlawfully uses a deadly weapon other than a firearm in any fight or quarrel is guilty of a misdemeanor, punishable by imprisonment in a county jail for not less than 30 days.

(2) Every person who, except in self-defense, in the presence of any other person, draws or exhibits any firearm, whether loaded or unloaded, in a rude, angry, or threatening manner, or who in any manner, unlawfully uses a firearm in any fight or quarrel is punishable as follows:

(A) If the violation occurs in a public place and the firearm is a pistol, revolver, or other firearm capable of being concealed upon the person, by imprisonment in a county jail for not less than three months and not more than one year, by a fine not to exceed one thousand dollars ($1,000), or by both that fine and imprisonment.

(B) In all cases other than that set forth in subparagraph (A), a misdemeanor, punishable by imprisonment in a county jail for not less than three months.

(b) Every person who, except in self-defense, in the presence of any other person, draws or exhibits any loaded firearm in a rude, angry, or threatening manner, or who, in any manner, unlawfully uses any loaded firearm in any fight or quarrel upon the grounds of any day care center, as defined in Section 1596.76 of the Health and Safety Code, or any facility where programs, including day care programs or recreational programs, are being conducted for persons under 18 years of age, including programs conducted by a nonprofit organization, during the hours in which the center or facility is open for use, shall be punished by imprisonment in the state prison for 16 months, or two or three years, or by imprisonment in a county jail for not less than three months, nor more than one year.

(c) Every person who, in the immediate presence of a peace officer, draws or exhibits any firearm, whether loaded or unloaded, in a rude, angry, or threatening manner, and who knows, or reasonably should know, by the officer's uniformed appearance or other action of identification by the officer, that he or she is a peace officer engaged in the performance of his or her duties, and that peace officer is engaged in the performance of his or her duties, shall be punished by imprisonment in a county jail for not less than nine months and not to exceed one year, or in the state prison for 16 months, or two or three years.

(d) Except where a different penalty applies, every person who violates this section when the other person is in the process of cleaning up graffiti or vandalism is guilty of a misdemeanor, punishable by imprisonment in a county jail for not less than three months nor more than one year.

(e) As used in this section, "peace officer" means any person designated as a peace officer pursuant to Chapter 4.5 (commencing with Section 830) of Title 3 of Part 2.

(f) As used in this section, "public place" means any of the following:

(1) A public place in an incorporated city.

(2) A public street in an incorporated city.

(3) A public street in an unincorporated area.

**Credits**

(Enacted in 1872. Amended by Stats.1929, c. 204, p. 366, § 1; Stats.1977, c. 667, p. 2184, § 1; Stats.1982, c. 136, p. 444, § 3, eff. March 26, 1982, operative April 25, 1982; Stats.1984, c. 86, § 1; Stats.1988, c. 1605, § 1.5; Stats.1991, c. 1202 (S.B.377), § 3; Stats.1993, c. 605 (A.B.1179), § 2; Stats.1993, c. 1098 (A.B.1268), § 6.5; Stats.1998, c. 190 (S.B.1417), § 1; Stats.2000, c. 478 (A.B.2523), § 1; Stats.2011, c. 15 (A.B.109), § 347, eff. April 4, 2011, operative Oct. 1, 2011.)

Notes of Decisions (71)

West's Ann. Cal. Penal Code § 417, CA PENAL § 417
Current with all laws through Ch. 997 of 2022 Reg.Sess.

---

© 2023 Thomson Reuters. No claim to original U.S. Government Works.

 © 2023 Thomson Reuters. No claim to original U.S. Government Works.

🚩 KeyCite Yellow Flag - Negative Treatment

Unconstitutional or Preempted  Limited on Preemption Grounds by   Lee v. Norfolk Southern Ry. Co.,   W.D.N.C.,   Dec. 12, 2012

🚩 KeyCite Yellow Flag - Negative Treatment

Proposed Legislation

United States Code Annotated
   Title 42. The Public Health and Welfare
     Chapter 21. Civil Rights (Refs & Annos)
      Subchapter I. Generally

42 U.S.C.A. § 1981

§ 1981. Equal rights under the law

Currentness

**(a) Statement of equal rights**

All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

(b) "Make and enforce contracts" defined

For purposes of this section, the term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

**(c) Protection against impairment**

The rights protected by this section are protected against impairment by nongovernmental discrimination and impairment under color of State law.

**CREDIT(S)**

(R.S. § 1977; Pub.L. 102-166, Title I, § 101, Nov. 21, 1991, 105 Stat. 1071.)

**EXECUTIVE ORDERS**

**EXECUTIVE ORDER NO. 13050**

Ex. Ord. No. 13050, June 13, 1997, 62 F.R. 32987, relating to the President's Advisory Board on Race, was revoked by Ex. Ord. No. 13138, Sept. 30, 1999, 64 F.R. 53879, set out as a note under section 14 of Appendix 2 to Title 5.

Notes of Decisions (5289)

42 U.S.C.A. § 1981, 42 USCA § 1981
Current through P.L. 117-262. Some statute sections may be more current, see credits for details.

**End of Document**

© 2023 Thomson Reuters. No claim to original U.S. Government Works.

🚩 KeyCite Yellow Flag - Negative Treatment
Proposed Legislation

United States Code Annotated
  Title 34. Crime Control and Law Enforcement (Refs & Annos)
    Subtitle I. Comprehensive Acts
      Chapter 121. Violent Crime Control and Law Enforcement
        Subchapter VIII. State and Local Law Enforcement (Refs & Annos)
          Part B. Police Pattern or Practice

34 U.S.C.A. § 12601

Formerly cited as 42 USCA § 14141

§ 12601. Cause of action

Effective: September 1, 2017

Currentness

**(a) Unlawful conduct**

It shall be unlawful for any governmental authority, or any agent thereof, or any person acting on behalf of a governmental authority, to engage in a pattern or practice of conduct by law enforcement officers or by officials or employees of any governmental agency with responsibility for the administration of juvenile justice or the incarceration of juveniles that deprives persons of rights, privileges, or immunities secured or protected by the Constitution or laws of the United States.

**(b) Civil action by Attorney General**

Whenever the Attorney General has reasonable cause to believe that a violation of paragraph (1)[1] has occurred, the Attorney General, for or in the name of the United States, may in a civil action obtain appropriate equitable and declaratory relief to eliminate the pattern or practice.

**CREDIT(S)**

(Pub.L. 103-322, Title XXI, § 210401, Sept. 13, 1994, 108 Stat. 2071.)

Notes of Decisions (19)

**Footnotes**

1        So in original. Probably should be "subsection (a) of this section".

34 U.S.C.A. § 12601, 34 USCA § 12601
Current through P.L. 117-262. Some statute sections may be more current, see credits for details.

**End of Document**                    © 2023 Thomson Reuters. No claim to original U.S. Government Works.

⚑ KeyCite Yellow Flag - Negative Treatment

Proposed Legislation

West's Annotated California Codes
   Penal Code (Refs & Annos)
      Part 6. Control of Deadly Weapons (Refs & Annos)
         Title 4. Firearms (Refs & Annos)
            Division 5. Carrying Firearms (Refs & Annos)
               Chapter 2. Carrying a Concealed Firearm (Refs & Annos)
                  Article 1. Crime of Carrying a Concealed Firearm (Refs & Annos)

West's Ann.Cal.Penal Code § 25400

§ 25400. Carrying concealed firearm; punishment; minimum sentence

Effective: January 1, 2012
Currentness

(a) A person is guilty of carrying a concealed firearm when the person does any of the following:

(1) Carries concealed within any vehicle that is under the person's control or direction any pistol, revolver, or other firearm capable of being concealed upon the person.

(2) Carries concealed upon the person any pistol, revolver, or other firearm capable of being concealed upon the person.

(3) Causes to be carried concealed within any vehicle in which the person is an occupant any pistol, revolver, or other firearm capable of being concealed upon the person.

(b) A firearm carried openly in a belt holster is not concealed within the meaning of this section.

(c) Carrying a concealed firearm in violation of this section is punishable as follows:

(1) If the person previously has been convicted of any felony, or of any crime made punishable by a provision listed in Section 16580, as a felony.

(2) If the firearm is stolen and the person knew or had reasonable cause to believe that it was stolen, as a felony.

(3) If the person is an active participant in a criminal street gang, as defined in subdivision (a) of Section 186.22, under the Street Terrorism Enforcement and Prevention Act (Chapter 11 (commencing with Section 186.20) of Title 7 of Part 1), as a felony.

(4) If the person is not in lawful possession of the firearm or the person is within a class of persons prohibited from possessing or acquiring a firearm pursuant to Chapter 2 (commencing with Section 29800) or Chapter 3 (commencing with Section 29900) of Division 9 of this title, or Section 8100 or 8103 of the Welfare and Institutions Code, as a felony.

(5) If the person has been convicted of a crime against a person or property, or of a narcotics or dangerous drug violation, by imprisonment pursuant to subdivision (h) of Section 1170, or by imprisonment in a county jail not to exceed one year, by a fine not to exceed one thousand dollars ($1,000), or by both that imprisonment and fine.

(6) If both of the following conditions are met, by imprisonment pursuant to subdivision (h) of Section 1170, or by imprisonment in a county jail not to exceed one year, by a fine not to exceed one thousand dollars ($1,000), or by both that fine and imprisonment:

(A) The pistol, revolver, or other firearm capable of being concealed upon the person is loaded, or both it and the unexpended ammunition capable of being discharged from it are in the immediate possession of the person or readily accessible to that person.

(B) The person is not listed with the Department of Justice pursuant to paragraph (1) of subdivision (c) of Section 11106 as the registered owner of that pistol, revolver, or other firearm capable of being concealed upon the person.

(7) In all cases other than those specified in paragraphs (1) to (6), inclusive, by imprisonment in a county jail not to exceed one year, by a fine not to exceed one thousand dollars ($1,000), or by both that imprisonment and fine.

(d)(1) Every person convicted under this section who previously has been convicted of a misdemeanor offense enumerated in Section 23515 shall be punished by imprisonment in a county jail for at least three months and not exceeding six months, or, if granted probation, or if the execution or imposition of sentence is suspended, it shall be a condition thereof that the person be imprisoned in a county jail for at least three months.

(2) Every person convicted under this section who has previously been convicted of any felony, or of any crime made punishable by a provision listed in Section 16580, if probation is granted, or if the execution or imposition of sentence is suspended, it shall be a condition thereof that the person be imprisoned in a county jail for not less than three months.

(e) The court shall apply the three-month minimum sentence as specified in subdivision (d), except in unusual cases where the interests of justice would best be served by granting probation or suspending the imposition or execution of sentence without the minimum imprisonment required in subdivision (d) or by granting probation or suspending the imposition or execution of sentence with conditions other than those set forth in subdivision (d), in which case, the court shall specify on the record and shall enter on the minutes the circumstances indicating that the interests of justice would best be served by that disposition.

(f) A peace officer may arrest a person for a violation of paragraph (6) of subdivision (c) if the peace officer has probable cause to believe that the person is not listed with the Department of Justice pursuant to paragraph (1) of subdivision (c) of Section 11106 as the registered owner of the pistol, revolver, or other firearm capable of being concealed upon the person, and one or more of the conditions in subparagraph (A) of paragraph (6) of subdivision (c) is met.

ADD-11

**Credits**

(Added by Stats.2010, c. 711 (S.B.1080), § 6, operative Jan. 1, 2012. Amended by Stats.2011, c. 15 (A.B.109), § 543, eff. April 4, 2011, operative Jan. 1, 2012.)

**Editors' Notes**

## VALIDITY

*For validity of this section, see* Peruta v. County of San Diego, C.A.9 (Cal.)2014, 742 F.3d 1144, *on rehearing en banc* 824 F.3d 919, *certiorari denied* 137 S.Ct. 1995, 198 L.Ed.2d 746.

## LAW REVISION COMMISSION COMMENTS

2010 Addition

Subdivision (a) of Section 25400 continues former Section 12025(a) without substantive change.

Subdivision (b) continues former Section 12025(f) without substantive change.

Subdivision (c) continues former Section 12025(b) without substantive change. Subdivision (d) continues former Section 12025(d) without substantive change. For guidance in applying paragraphs (c)(1) and (d)(2), see Section 16015 (determining existence of prior conviction).

Subdivision (e) continues former Section 12025(e) without substantive change.

Subdivision (f) continues former Section 12025(c) without substantive change.

Former Section 12025(g) is continued in Section 16750 ("lawful possession of the firearm").

Former Section 12025(h) was repealed by its own terms on January 1, 2005, so it is not continued. See 1999 Cal. Stat. ch. 571, § 2.

See Sections 16520 ("firearm"), 16530 ("firearm capable of being concealed upon the person," "pistol," and "revolver"), 16750 ("lawful possession of the firearm"), 16840 ("loaded" and "loaded firearm"). [38 Cal.L.Rev.Comm. Reports 217 (2009)].

Notes of Decisions (157)

West's Ann. Cal. Penal Code § 25400, CA PENAL § 25400
Current with all laws through Ch. 997 of 2022 Reg.Sess.

---

**End of Document**                    © 2023 Thomson Reuters. No claim to original U.S. Government Works.

 © 2023 Thomson Reuters. No claim to original U.S. Government Works.    **ADD-12**

## CERTIFICATE OF SERVICE

Case Name:   **_Floyd, Michael v. San Jose Police Dept., et al. [APPEAL]_**
Case No.     **22-16243**

I hereby certify that on <u>March 9, 2023</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**ANSWERING BRIEF FOR THE STATE OF CALIFORNIA**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on <u>March 9, 2023</u>, at San Francisco, California.

| | |
|---|---|
| G. Pang | |
| Declarant | Signature |

SA2022305505/43604242.docx

32