No. 22-16243

COURT OF APPEAL OF THE STATE OF CALIFORNIA

NINTH CIRCUIT

| | |
|---|---|
| MICHAEL DEVIN FLOYD,<br><br>    Plaintiff-Appellant,<br><br>        v.<br><br>SAN JOSE POLICE DEPARTMENT, et al.,<br><br>    Defendant-Appellee. | No. 22-16243<br><br>United States District Court for the Northern District of California Case No.: 3:22-cv-00751-WHO |

**CITY OF SAN JOSE'S ANSWERING BRIEF**

Appeal from United States District Court for the
Northern District of California
Honorable William H. Orrick

NORA FRIMANN, City Attorney (93249)
ARDELL JOHNSON, Assistant City Attorney (95340)
MARGO LASKOWSKA, Senior Deputy City Attorney (187252)
Office of the City Attorney
200 East Santa Clara Street, 16th Floor
San José, California 95113-1905
Telephone Number: (408) 535-1900
Facsimile Number: (408) 998-3131
E-Mail Address:  cao.main@sanjoseca.gov
Attorneys for Defendant Appellee CITY OF SAN JOSE

1985300

## TABLE OF CONTENTS

I.    Introduction...................................................................................5

II.   Statement of jurisdiction ...............................................................5

III.  Statement of the case ....................................................................6

      A.   Factual background................................................................6

      B.   Procedural background ..........................................................6

           1.   Criminal prosecution of Floyd pending in California
                state court...................................................................6

           2.   Floyd's federal court lawsuit .......................................7

           3.   The City's and the State's motions to dismiss or for
                *Younger* abstention ...................................................8

           4.   *Younger* abstention and stay .....................................8

IV.   Summary of argument..................................................................10

V.    Argument......................................................................................10

      A.   Standard of review ...............................................................10

      B.   *Younger* abstention was properly granted.........................11

           1.   There was a pending state court criminal prosecution
                against Floyd when he filed the present lawsuit. ...................12

           2.   The criminal proceedings implicate important state
                interests.......................................................................12

           3.   There is no bar to litigating federal constitutional issues in
                the state criminal case.................................................13

           4.   This lawsuit would interfere with the state criminal
                prosecution against Floyd. ..........................................14

C.   Exceptions to *Younger* abstention do not apply here. ..................... 15

  1.   There is no showing the criminal case was brought in bad faith or for purposes of harassment. ......................................... 15

  2.   The challenged Penal Code is not "flagrantly and patently" invalid. .................................................................................. 16

  3.   The state tribunal is not biased. ............................................... 17

VI.   Conclusion ................................................................................................. 18

Statement of related cases ................................................................................ 19

Form 8. Certificate of compliance for briefs ...................................................... 20

Proof of service ................................................................................................. 21

## TABLE OF AUTHORITIES

Cases

*Bean v. Matteucci,*
   986 F.3d 1128 (9th Cir. 2021) ........................................................ 11

*Canatella v. State of Cal.,*
   404 F.3d 1106 (9th Cir. 2005) ........................................................ 11

*Communications Telesystems Int'l v. Cal. Pub. Utility Comm'n,*
   196 F.3d 1011 (9th Cir. 1999) ........................................................ 13

*Dubinka v. Judges of the Sup. Ct.,*
   23 F.3d 218 (9th Cir. 2019) ........................................................ 13

*Gilbertson v. Albright,*
   381 F.3d 965 (9th Cir. 2004) .................................................. 12, 14

*Herrera v. City of Palmdale,*
   918 F.3d 1037 (9th Cir. 2019) ........................................................ 5

*Kenneally v. Lungren,*
   967 F.2d 329 (9th Cir. 1992) ........................................................ 17

*Kugler v. Helfant,*
   421 U.S. 117 (1975) ........................................................ 16

*Middlesex County Ethics Committee v. Garden State Bar Ass'n,*
   457 U.S. 423 (1982) ........................................................ 11

Miranda v. Arizona,
   384 U.S. 436 (1966) ............................................................ *passim*

*Pennzoil Co. v. Texaco, Inc.,*
   481 U.S. 1, 14, n.12 (1987) ........................................................ 13

*People v. Gazali,*
   228 Cal.App.3d 1417 (1991) ........................................................ 15

*People v. Greer*,
   110 Cal.App.3d 235 (1980) ........................................................ 15

*ReadyLink Healthcare, Inc. v. State Compensation Insurance Fund*,
   754 F.3d 754 (9th Cir. 2014) .......................................................................... 12

*United States v. Morros*,
   268 F.3d 695 (9th Cir. 2001) .......................................................................... 11

*Younger v. Harris*,
   401 U.S. 37 (1971) ...................................................................................*passim*

U. S. Constitution

U.S. Const. amend II………………………………………………………………7

U.S. Const. amend IV ................................................................................. 7, 15

U.S. Const. amend V…………………………………………………………… 7

U.S. Const. amend VI…………………………………………………………7

U.S. Const. amend VIII…………………………………………………………7

U.S. Const. amend XIV………………………………………………………… 7

Statutes

18 U.S.C. section 242 ...................................................................................... 8

28 U.S.C. section 1291 .................................................................................... 5

34 U.S.C. section 12601(a)............................................................................. 7

42 U.S.C. section 1981 .................................................................................... 7

42 U.S.C. section 1983 ............................................................................... 8, 14

California Penal Code section 417 ............................................................. 8, 18

California Penal Code section 417(a)(2) .................................................... 8, 18

California Penal Code section 25400 ......................................................... 8, 18

California Penal Code section 25400(a)(1) ..................................................... 8

California Penal Code section 25610 …………………………………………8

California Penal Code section 25850(b)......................................................... 8

## `I.    INTRODUCTION

Appellant Michael Devin Floyd (Floyd) appeals from a stay order issued under *Younger v. Harris*, 401 U.S. 37 (1971). The district court stayed Floyd's lawsuit against the City of San Jose, several San Jose Police Department Officers and the State of California because there was an ongoing criminal case against Floyd in California state court that arose out of the arrest challenged in Floyd's federal lawsuit. The federal suit alleges various constitutional violations and statutory civil rights violations and seeks damages.

The district court properly stayed the federal case pending resolution of the criminal state court matter because all the *Younger* requirements are present and none of the exceptions apply. Floyd will be able to resume the suit for damages once the criminal matter has run its course.

## II.    STATEMENT OF JURISDICTION

This Court has jurisdiction under 28 U.S.C. section 1291. (*Herrera v. City of Palmdale*, 918 F.3d 1037, 1043 & n.2.)

## III.   STATEMENT OF THE CASE

### A.   Factual background

According to Floyd's first amended complaint ("complaint"), he was pulled over by the San Jose Police Department on August 18, 2021, because his car lacked a front license plate and matched a car involved in a weapons incident. (Dkt. No. 14 at 5.) A third party had reported that Floyd had a gun. (Dkt. No. 14-1 at 4.)

Four Officers were present. (Dkt. No. 14 at 6.) When asked, Floyd admitted to having a weapon in his car. (*Id.*) The car was searched allegedly without Floyd's consent. (*Id.* at 5.) He was allegedly slammed against his car and handcuffed; he did not resist arrest. (*Id.*) He was forced to sit or kneel on the ground and the Officers interrogated him without informing him of his rights under *Miranda v. Arizona*, 384 U.S. 436 (1966). (*Id.*) The Officers found a weapon in his car and arrested him. (Dkt. No. 14 at 5.)

### B.   Procedural background

#### 1.   Criminal prosecution of Floyd pending in California state court

A felony complaint was filed in California state court against Floyd

on or about August 20, 2021, charging him with violations of California

Penal Code sections 25400(a)(1) (carrying a concealed firearm in a

vehicle) and 417(a)(2) (brandishing a firearm). (City of San Jose's

Supplemental Excerpts of Record (CSJSER) 018-19.)

## 2. Floyd's federal court lawsuit

Floyd filed his original federal court complaint on February 4,

2022. (ER—1059.) The amended complaint was filed in March 2022.

(ER—1060.)

Floyd sued the City of San Jose, San Jose Police Department,

Office of the City Attorney, three San Jose Police Officers and a Police

Sergeant (collectively "City"), and the State of California based on the

August 2021 car stop. (Dkt. 14 at 2-3.) He alleges that San Jose police

officers violated his Second, Fourth, Fifth, Sixth, Eighth, and Fourteenth

Amendment rights when they stopped and searched his car, allegedly

used excessive force, arrested him, and failed to give him a *Miranda*

warning. (*Id.*)

The complaint also alleges violations of 34 U.S.C. section 12601(a),

18 U.S.C. section 242, and 42 U.S.C. section 1981. (Dkt. No. 14 at 3-4.)

The complaint claims that California Penal Code sections 25850(b) and

25610 are unconstitutional. (*Id.* at 4.) The complaint attempts to allege *Monell* claims against the State, the City, and the San Jose Police Department. (*Id.* at 6-7.) It seeks damages under 42 U.S.C. section 1983. (*Id.* at 8-9.)

### 3. The City's and the State's motions to dismiss or for *Younger* abstention

The City moved to dismiss the case or abstain under *Younger v. Harris*, 401 U.S. 37 (1971), based on the criminal charges pending against Floyd in state court. (Dkt. No. 35.)

In the alternative, the City moved to dismiss the claims against the individual Police Officers for failure to allege sufficient facts regarding the role of each in the events in the complaint; the city also argued that the complaint does not adequately allege a *Monell* claim. (*Id.*) The Attorney General joined the City's motion to abstain under *Younger.* (Dkt. No. 46.)

### 4. *Younger* abstention and stay

In July 2022, the district court issued a *Younger* abstention order and stayed the case. (ER11.) The court determined that each of the four *Younger* factors were met: "(1) there is a state-initiated proceeding that

is ongoing; (2) the criminal proceeding implicates important state interests; (3) Floyd is not barred from litigating his federal constitutional issues in the state proceeding; and (4) allowing this action to proceed would interfere with the state court proceedings." (ER—9.) Regarding the third factor, the district court noted:

> [S]imply because [Floyd's] motions in Superior Court were denied does not mean that he is precluded from litigating his claims there. That he may not secure rulings on his constitutional claims until he secures a ruling from a California court of appeal does not mean that he has not been able to litigate those claims in state court.

(*Id.*)

The district court found that the bad-faith exception to *Younger* did not apply because, "while Floyd disagrees with how the Santa Clara Superior Court (and his former counsel) handled his case and ruled on his motions, that does not rise to the level of bad faith." (ER—10.) "[Floyd's] arguments about the state court judges misapplying law or mishandling his filings are appropriately raised, in the first instance, in the Superior Court or on appeal through the California court system." (*Id.*)

The district court concluded that *Younger* abstention is appropriate, and that "Floyd has not shown either that he has been

barred from raising his constitutional claims in state court or that the state court is acting in bad faith" in the criminal case. (ER—10.) "[T]here is no doubt that a *Younger* stay is appropriate until the underlying criminal proceedings are resolved." (*Id.*)

## IV.    SUMMARY OF ARGUMENT

*Younger* abstention was properly issued because there was a pending state court criminal prosecution against Floyd when he filed the federal suit; the criminal proceedings implicate important state interests; there is no bar to litigating federal constitutional issues in the state court criminal case; and the federal case would interfere with the state criminal prosecution. Exceptions to *Younger* do not apply because there is no showing that the criminal prosecution was undertaken in bad faith or for purposes of harassment; the challenged Penal Code provisions are not "flagrantly and patently" invalid; and the state tribunal is not biased.

## V.    ARGUMENT

### A.    Standard of review

A district court's *Younger* abstention determination is reviewed de novo. (*See Bean v. Matteucci*, 986 F.3d 1128, 1132 (9th Cir. 2021).) The

court of appeal conducts the *Younger* analysis "in light of the facts and circumstances existing at the time the federal action was filed." (*Id.*) (citation omitted)

## B. *Younger* abstention was properly granted.

"*Younger* abstention imposes mandatory limits on the federal courts' ability to exercise jurisdiction." (*Canatella v. State of Cal.*, 404 F.3d 1106, 1113 (9th Cir. 2005).) Absent extraordinary circumstances, federal courts may not enjoin or otherwise interfere with pending state criminal proceedings on constitutional grounds; the federal court must abstain and allow the state court to adjudicate both state and federal claims. (*See Younger v. Harris*, 401 U.S. 37, 49 (1971).) "[T]he policy objective behind *Younger* abstention is to avoid unnecessary conflict between state and federal governments." (*United States v. Morros*, 268 F.3d 695, 707 (9th Cir. 2001).)

Abstention is required when state court proceedings are pending when the federal action is filed; implicate important state interests; and provide adequate opportunity to raise the federal claims. (*Middlesex County Ethics Committee v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982).) *Younger* abstention is limited to three categories of cases: "(1)

'parallel, pending state criminal proceeding[s],' (2) 'state civil proceedings that are akin to criminal prosecutions,' and (3) state civil proceedings that 'implicate a State's interest in enforcing orders and judgments of its courts.'" (*ReadyLink Healthcare, Inc. v. State Compensation Insurance Fund*, 754 F.3d 754, 759 (9th Cir. 2014).) Because a finding of liability in the federal action would have preclusive effect in the state proceedings, *Younger* abstention applies equally to actions seeking damages and equitable relief. (*Gilbertson v. Albright*, 381 F.3d 965, 968 (9th Cir. 2004).)

**1. There was a pending state court criminal prosecution against Floyd when he filed the present lawsuit.**

On August 20, 2021, the People of the State of California filed a criminal complaint against Floyd in the California State Court, County of Santa Clara, case number C2111237. (CSJSER—018-19.) The state proceedings were still ongoing in February 2022 when Floyd filed the present lawsuit (CSJSER—003 & CSJSER—022.)

**2. The criminal proceedings implicate important state interests.**

Because the pending state proceeding is a criminal prosecution, it

implicates important state interests: the state has a vital interest in enforcing its criminal laws and in protecting "the authority of the judicial system, so that its orders and judgments are not rendered nugatory." (*Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 14, n.12 (1987).)

**3. There is no bar to litigating federal constitutional issues in the state criminal case.**

"*Younger* requires only the absence of 'procedural bars' to raising a federal claim in the state proceedings." (*Communications Telesystems Int'l v. Cal. Pub. Utility Comm'n*, 196 F.3d 1011, 1020 (9th Cir. 1999).) State court proceedings are presumed adequate to raise federal claims "in the absence of unambiguous authority to the contrary." (*Pennzoil*, 481 U.S. at 15.) This Court determined that defendants in a pending California criminal case have an adequate opportunity to raise their constitutional challenges in the state court because they are not procedurally barred from raising them. (*Dubinka v. Judges of the Sup. Ct.*, 23 F.3d 218, 225.)

Floyd's opening brief fails to identify any procedural bar to raising constitutional law issues as defenses in the criminal case against him. (*See* AOB 36-42.) Indeed, Floyd filed a motion to suppress in criminal

court where he challenged constitutionality of the search and seizure and argued that his statements were obtained in violation of his *Miranda* rights. (ER—989-1002; AOB 19-20.) He cannot argue, therefore, that he is prohibited from raising federal constitutional issues in the criminal case.

### 4. This lawsuit would interfere with the state criminal prosecution against Floyd.

A federal action that would have the practical effect of enjoining the state proceeding would interfere with it in a way that *Younger* disapproves. (*Gilbertson v. Albright*, 381 F.3d 965, 978 (9th Cir. 2004).) *Younger* principles apply to an action for damages under 42 U.S.C. section 1983, such as here, that relates to a pending state proceeding "because a determination that the federal plaintiff's constitutional rights have been violated would have the same practical effect as a declaration or injunction on pending state proceedings." (*Id.* at 968.)

Here, too, the federal district court's liability decisions would interfere with Floyd's criminal case. (*See id.*) For example, a ruling that the City violated Floyd's Fourth Amendment rights by searching his car and seizing the loaded weapon would affect the criminal prosecution

because Fourth Amendment violations would constitute defenses to the criminal charges against Floyd. (*See, e.g. People v. Greer*, 110 Cal.App.3d 235, 237-38 (1980).) (defendants contended that search of car for guns was illegal).) Similarly, a ruling that the City violated Floyd's *Miranda* rights would interfere with the criminal prosecution because statements made to police officers without a *Miranda* admonition may be suppressed. (*See, e.g., People v. Gazali*, 228 Cal.App.3d 1417, 1419 (1991) (defendant moved to suppress his statements to police alleging that his *Miranda* rights were violated).)

Therefore, all *Younger* abstention elements are present.

## C. Exceptions to *Younger* abstention do not apply here.

### 1. There is no showing the criminal case was brought in bad faith or for purposes of harassment.

*Younger* abstention does not apply when the state prosecution is undertaken in bad faith or for purposes of harassment. (*Younger*, 401 U.S. 37, 53-54.) The Supreme Court noted that "[o]nly in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown is

federal injunctive relief against pending state prosecutions appropriate."
(*Kugler v. Helfant*, 421 U.S. 117, 124 (1975).) (citations omitted)

Floyd argues that the District Attorney "vindictively amended" the
charges against him. (AOB 32.) That does not show, however, that the
criminal prosecution was without merit or that it was brought to harass
Floyd. The appellate opening brief does not contain any showing of
"proven harassment" or bringing the prosecution against him in bad
faith. (*See* AOB 37-41.)

## 2. The challenged Penal Code is not "flagrantly and patently" invalid.

Floyd states generally that "California firearm laws" are subject to
a facial attack. (AOB 39.) But the *Younger* Court held that "the possible
unconstitutionality of a statute 'on its face' does not in itself justify an
injunction against good-faith attempts to enforce it." (*Younger*, 401 U.S.
at 54.) For *Younger* abstention not to apply, the challenged statute must
be "flagrantly and patently violative of express constitutional
prohibitions in every clause, sentence and paragraph, and in whatever
manner and against whomever an effort might be made to apply it." (*Id.*
at 53-54.)

Floyd's opening brief does not specifically address "every clause, sentence and paragraph" of California Penal Code sections 25400 and 417, on which the charges against him are based. [1] (*See* AOB 39-41.) The opening brief does not indicate that these statutes are "flagrantly and patently" unconstitutional in toto. Thus, Floyd has not shown that this very narrow exception to *Younger* applies.

### 3. The state tribunal is not biased.

"Bias exists where a court has prejudged, or reasonably appears to have prejudged, an issue." (*Kenneally v. Lungren*, 967 F.2d 329, 333 (9th Cir. 1992).) (citation omitted) One who alleges bias "must overcome a presumption of honesty and integrity in those serving as adjudicators." (*Id.*)

Floyd argues he cannot have an impartial trial in his criminal case because the Public Defender's Office is uncooperative; the District Attorney "vindictively" amended the charges; the court's filing system is capricious; a judge allegedly did not listen to Floyd during a hearing and made him feel "uncomfortable when speaking;" the court is

---

[1] Floyd is charged with violating Cal. Penal Code sec. 25400(a)(1) and 417(a)(2). (CSJSER—018.)

uncooperative with scheduling hearings; a judge refused to admit Floyd's evidence at a preliminary hearing; Floyd's motion was denied; witnesses allegedly altered their testimony; and Floyd is "confident" that the Officers' body-worn camera footage has been altered. (AOB 32-34; *see also* AOB 18-29.) Those incidents do not demonstrate bias by the trial court; Floyd does not make any showing that the superior court in his criminal case has prejudged, or appears to have prejudged, any issue.

## VI. CONCLUSION

All criteria for *Younger* abstention are present here. The district court correctly abstained pending resolution of the state criminal prosecution. The City respectfully requests the Court to affirm the order of abstention and stay.

Respectfully submitted,

Dated:  March 22, 2023

NORA FRIMANN, City Attorney

By:  */s/ Malgorzata Laskowska*
   MALGORZATA LASKOWSKA
   Senior Deputy City Attorney

Attorneys for Defendant Appellee
CITY OF SAN JOSE

## STATEMENT OF RELATED CASES

Counsel for Defendant-Appellee City of San Jose hereby certifies that there are no cases related to this appeal known to be currently pending in this Court at this time.

Respectfully submitted,

NORA FRIMANN, City Attorney

Dated: March 22, 2023          By: */s/ Malgorzata Laskowska*
                                            MALGORZATA LASKOWSKA
                                            Sr. Deputy City Attorney

Attorneys for Defendant-Appellee
CITY OF SAN JOSE

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

## Form 8. Certificate of Compliance for Briefs

*Instructions for this form:* http://www.ca9.uscourts.gov/forms/form08instructions.pdf

**9th Cir. Case Number(s)** 22-16243

I am the attorney or self-represented party.

**This brief contains 3128 words,** excluding the items exempted by Fed. R. App. P. 32(f). The brief's type size and typeface comply with Fed. R. App. P. 32(a)(5) and (6).

I certify that this brief *(select only one)*:

[X] complies with the word limit of Cir. R. 32-1.

[ ] is a **cross-appeal** brief and complies with the word limit of Cir. R. 28.1-1.

[ ] is an **amicus** brief and complies with the word limit of Fed. R. App. P. 29(a)(5), Cir. R. 29-2(c)(2), or Cir. R. 29-2(c)(3).

[ ] is for a **death penalty** case and complies with the word limit of Cir. R. 32-4.

[ ] complies with the longer length limit permitted by Cir. R. 32-2(b) because *(select only one)*:

    [ ] it is a joint brief submitted by separately represented parties;
    [ ] a party or parties are filing a single brief in response to multiple briefs; or
    [ ] a party or parties are filing a single brief in response to a longer joint brief.

[ ] complies with the length limit designated by court order dated _____,

[ ] is accompanied by a motion to file a longer brief pursuant to Cir. R. 32-2(a).

**Signature** */s/ Malgorzata Laskowska*      **Date** March 22, 2023
         Malgorzata Laskowska

1985300                 20

*Michael Devin Floyd v. City of San José*
Case No: 22-16243

Northern District of California
Case No.: 3:22-cv-00751-WHO

**PROOF OF SERVICE**

I am a citizen of the United States and a resident of the County of Santa Clara.

I am over the age of eighteen years and not a party to this action. My business address is 200 East Santa Clara Street, 16th Floor, San Jose, CA 95113.

On March 22, 2023, I served one true copy of:

**1.     CITY OF SAN JOSE'S ANSWERING BRIEF**

By placing a true copy enclosed in a sealed envelope with prepaid postage, in the United States mail in San Jose, CA, California, as listed below:

United States District Court
450 Golden Gate Avenue
San Francisco, CA 94102

By emailing a copy to counsel as listed below:

Mr. Michael Devin Floyd: mdf3039@gmail.com
Mr. Erick J. Rhoan, Deputy Attorney General: Erick.Rhoan@doj.ca.gov, gabriel.vallejo@doj.ca.gov, catherine.woodbridge@doj.ca.gov
Elizabeth Watson, Attorney: elizabeth.watson@doj.ca.gov, gloria.pang@doj.ca.gov, melissa.mendiola@doj.ca.gov, bunny.chung@doj.ca.gov

I declare under penalty of perjury that the foregoing is true and is executed on March 22, 2023, at San Jose, California.

*/s/ Brandi Lecomte*
Brandi Lecomte