No. 22-16243

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MICHAEL DEVIN FLOYD, | No. 22-16243 |
| Plaintiff-Appellant, | D.C. NO: 3:22-cv-00751-WHO |
| v. | Northern District of California, San Francisco |
| SAN JOSE POLICE DEPARTMENT (SJPD), et al., | |
| Defendant-Appellees. | |

**CITY OF SAN JOSE'S**
**SUPPLEMENTAL EXCERPTS OF RECORD**
**VOLUME 1 OF 1**

Appeal from United States District Court for the
Northern District of California
Honorable William H. Orrick

NORA FRIMANN, City Attorney (93249)
ARDELL JOHNSON, Assistant City Attorney (95340)
MARGO LASKOWSKA, Senior Deputy City Attorney (187252)
Office of the City Attorney
200 East Santa Clara Street, 16th Floor
San José, California 95113-1905
Telephone Number: (408) 535-1900
Facsimile Number: (408) 998-3131
E-Mail Address:  cao.main@sanjoseca.gov
Attorneys for Defendant Appellee CITY OF SAN JOSE

## TABLE OF CONTENTS

### CITY OF SAN JOSE'S
### SUPPLEMENTAL EXCERPTS OF RECORD

| Date | Docket No. | Description | Page |
|---|---|---|---|
| 2/27/23 | 1 | Complaint for Violation of Civil Rights (non-prisoner) Under 42 U.S.C. §1981, 42 U.S.C. § 2000 Case No.: C23-00871 | CSJSER003 |
| 5/4/22 | 36 | Felony Complaint in People of the State of California v. Floyd Case No.: C2111237 | CSJSER018 |
| 5/4/22 | 36 | Trial Court's Docket Sheet for People of the State of California v. Floyd Case No.: C2111237 | CSJSER021 |

Michael Devin Floyd
1901 Iowa Avenue
Kenner, LA 70062
mdf3039@gmail.com
(713)562-7229

Michael Devin Floyd, IN PRO PER

**FILED**

FEB 27 2023

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

**DMR**

**C23-00871**

Michael Devin Floyd

      Plaintiff(s),

vs.

24 Hour Fitness USA

      Defendant(s).

Case No.:

**COMPLAINT FOR VIOLATION OF
CIVIL RIGHTS (non-prisoner)
UNDER 42 U.S.C. § 1981,
42 U.S.C. § 2000**

**DEMAND FOR JURY TRIAL.**

## I.   Jurisdiction and Venue

The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 1343

as this action involves federal questions regarding the deprivation of Plaintiff's rights

under Section 1981. The Court has supplemental jurisdiction over Plaintiff's related claims arising under state and local law pursuant to 28 U.S.C. § 1367(a).

Venue is proper in the Northern District of California pursuant to 28 U.S.C. § 1391(a) because a substantial part of the events or omissions giving rise to this action, including the Plaintiff's unlawful removal from 24 Hour Fitness, occurred in this district.

## II.   Divisional Assignment

The primary incidents involve the Plaintiff and staff members at the 24 Hour Fitness facility located on Whipple Road in Hayward, California. Hayward, California is in the county of Alameda. According to Civil L.R. 3-2(d): "all civil actions that arise in the counties of Alameda, Contra Costa, Marin, Napa, San Francisco, San Mateo or Sonoma shall be assigned to the San Francisco Division or the Oakland Division." The case was filed at the Oakland Division.

## III.   Statement of Claim

A. Where did the events giving rise to your claim(s) occur?

The event occurred at 24 Hour Fitness located at 2480 Whipple Rd, Hayward, CA 94544.

B. What date and approximate time did the events giving rise to your claim(s) occur?

2

The date the main incident occurred was on October 1st, 2022. The approximate time the event started was 7:00 PM. The event probably ended around 10:00 PM. There was another secondary incident that preceded the main incident that happened on July 18th, 2022.

C. What are the facts underlying your claim(s)?

Before filing this action, the Plaintiff sent the Defendant a letter addressing the incidents that occurred. The letter to the Defendant details all the facts underlying the Plaintiff's claim from the main incident on October 1st, 2022. It will be attached. (Exhibit 1). There was also an attachment sent along with the letter to the Defendant addressing the secondary incident that happened earlier on July 18th, 2022. It will be attached. (Exhibit 2).

## IV.    Causes of Action

### 1. 42 U.S.C.A. § 1981

In a § 1981 case involving a commercial establishment, a discrimination plaintiff must show that: (1) he is a member of a protected class; (2) he sought to make or enforce a contract for services ordinarily provided by the defendant; and (3) he was denied the right to enter into or enjoy the benefits of the contractual relationship in that (a) he was deprived of services while similarly situated persons outside the protected class were not, and/or (b) he received services in a markedly hostile manner that a reasonable person would find

3

1 | objectively discriminatory. <u>Fall v. LA Fitness, 161 F. Supp. 3d 601 (S.D. Ohio</u>

2 | <u>2016)</u>

3 |   The Plaintiff is a member of a protected class: he is an African American male. The

4 | Plaintiff sought to use the amenities of the gym, services ordinarily provided by the

5 | Defendant and within his contract to the gym. The Plaintiff was denied the services of

6 | the gym when he was forced to exit the gym without showering and while he was

7 | half-naked. Thus the Plaintiff received services in a markedly hostile manner that a

8 | reasonable person would find objectively discriminatory.

9 |   **2. <u>42 U.S.C.A. § 2000a</u>**

10 |   "To establish a prima facie case under § 2000a, plaintiff must show that he or

11 |   she (1) is a member of a protected class; (2) attempted to exercise the right to

12 |   full benefits and enjoyment of a place of public accommodation; (3) was

13 |   denied those benefits and enjoyment; and (4) was treated less favorably than

14 |   similarly situated persons who are not members of the protected class."

15 |   <u>Bormuth v. Dahlem Conservancy, 837 F. Supp. 2d 667, 674 (E.D. Mich. 2011)</u>

16 |   The Plaintiff is a member of a protected class: he is an African American male. The

17 | Plaintiff sought to use the amenities of the 24 Hour Fitness gym; the gym is a place of

18 | public accommodation. The Plaintiff was denied the services of the gym on two

19 | occasions. On both occasions, he was escorted out by the police. The Plaintiff has not

20 |

21 |

4

1  seen other gym members, who have a different ethnicity than the Plaintiff, treated in a

2  similar manner.

### 3. California Civil Code § 51: Unruh Civil Rights Act

With regard to the Unruh Civil Rights Act particularly, we recently explained that it "must be construed liberally in order to carry out its purpose" to "create and preserve a nondiscriminatory environment in California business establishments by 'banishing' or 'eradicating' arbitrary, invidious discrimination by such establishments." (Angelucci v. Century Supper Club (2007) 41 Cal.4th 160, 167, 59 Cal.Rptr.3d 142, 158 P.3d 718.) The Unruh Civil Rights Act "serves as a preventive measure, without which it is recognized that businesses might fall into discriminatory practices." Munson v. Del Taco, Inc., 46 Cal. 4th 661, 666, 208 P.3d 623, 626 (2009)

13  The Plaintiff was not provided with the full and equal accommodations of 24 Hour

14  Fitness gym in Hayward, despite paying for the gym's services. On two different

15  occasions, the management at 24 Hour Fitness called the police to escort the Plaintiff

16  out of the facilities. In both of these occasions, the Plaintiff did nothing to warrant his

17  removal from the gym. Indeed, the Unruh Civil Rights Act will serve to banish the

18  arbitrary and invidious discrimination the Plaintiff has endured.

### 4. California Civil Code § 51.5

Complaint for Violation of Civil Rights Under 42 USC 1981, 42 U.S.C. § 2000

CSJSER007

1  For the same reasons listed in the previous section, the Defendant has violated this

2  California law.

3  **5. California Business & Professions Code § 17200: California Unfair**

4     **Competition Law ("UCL")**

5  The UCL prohibits, and provides civil remedies for, unfair competition, which

6  it defines as "any unlawful, unfair or fraudulent business act or practice." (§

7  17200.) Its purpose "is to protect both consumers and competitors by

8  promoting fair competition in commercial markets for goods and services."

9  (Kasky v. Nike, Inc. (2002) 27 Cal.4th 939, 949, 119 Cal.Rptr.2d 296, 45 P.3d

10  243; see Hall v. Time Inc. (2008) 158 Cal.App.4th 847, 852, 70 Cal.Rptr.3d

11  466.) In service of that purpose, the Legislature framed the UCL's substantive

12  provisions in " 'broad, sweeping language' " (Cel–Tech Communications, Inc.

13  v. Los Angeles Cellular Telephone Co. (1999) 20 Cal.4th 163, 181, 83

14  Cal.Rptr.2d 548, 973 P.2d 527; see also Bank of the West v. Superior Court

15  (1992) 2 Cal.4th 1254, 1266, 10 Cal.Rptr.2d 538, 833 P.2d 545 ["The

16  Legislature intended this 'sweeping language' to include ' "anything that can

17  properly be called a business practice and that at the same time is forbidden by

18  law." ' "] ) and provided "courts with broad equitable powers to remedy

19  violations" (ABC Internat. Traders, Inc. v. Matsushita Electric Corp. (1997) 14

20

21

Complaint for Violation of Civil Rights Under 42 USC 1981, 42 U.S.C. § 2000

CSJSER008

1  Cal.4th 1247, 1270, 61 Cal.Rptr.2d 112, 931 P.2d 290). Kwikset Corp. v.

2  Superior Ct., 51 Cal. 4th 310, 320, 246 P.3d 877, 883 (2011)

3      The Plaintiff had a gym membership at 24 Hour Fitness and expected the fair

4  accommodations any patron would expect from a gym membership. Unfortunately,

5  the Plaintiff was forcibly removed from 24 Hour Fitness twice; the Plaintiff was

6  half-naked upon the final removal. The Plaintiff has lost money, time, and sanity as a

7  result of the incidents with 24 Hour Fitness. 24 Hour Fitness, through this unfair act

8  and business practice, has violated this law.

9      **6. California Civil Code § 1750: The Consumers Legal Remedies Act**

10     **(CLRA)**

11     The language of the CLRA allows recovery when a consumer "suffers damage

12     as a result of" the unlawful practice. This provision "requires that plaintiffs in a

13     CLRA action show not only that a defendant's conduct was deceptive but that

14     the deception caused them harm." (Massachusetts Mutual Life Ins. Co. v.

15     Superior Court, supra, 97 Cal.App.4th at p. 1292, 119 Cal.Rptr.2d 190.) In re

16     Vioxx Class Cases, 180 Cal. App. 4th 116, 129, 103 Cal. Rptr. 3d 83, 94–95

17     (2009)

18     On two different occasions, police have escorted the Plaintiff out of the gym, 24

19  Hour Fitness. On two different occasions, the Plaintiff has done nothing to cause his

20  unwanted removal from the gym. The Plaintiff was forced to cut his workout short on

21

---

7

Complaint for Violation of Civil Rights Under 42 USC 1981, 42 U.S.C. § 2000

1  the first occasion. While half-naked, the Plaintiff was removed from the gym and not

2  allowed to return after the second occasion. The Plaintiff has battled with

3  post-traumatic stress since these incidents. He is seeking help from licensed

4  professionals and attends support groups. The Plaintiff has also purchased a gym

5  membership from a different gym.

6  **7.** **Restatement (Second) of Torts § 46 - Intentional Infliction of Emotional**

7      **Distress**

8      To state a claim for intentional infliction of emotional distress, a plaintiff must

9      plead " '(1) extreme and outrageous conduct by the defendant with the

10     intention of causing, or reckless disregard of the probability of causing,

11     emotional distress; (2) the plaintiff's suffering severe or extreme emotional

12     distress; and (3) actual and proximate causation of the emotional distress by the

13     defendant's outrageous conduct.' " (<u>Wilson v. Hynek</u> (2012) 207 Cal.App.4th

14     <u>999, 1009</u>.) <u>Guzman v. Peckson</u>, No. B264039, 2016 WL 1623115, at *2 (Cal.

15     <u>Ct. App. Apr. 21, 2016</u>). Restatement (Second) of Torts § 46.

16  The Plaintiff pleads that (1) the Defendant, on two occasions, has caused the

17  Plaintiff emotional distress through having the Plaintiff forcibly removed from the

18  gym facilities. The Plaintiff committed no crimes or infractions in both instances. The

19  Plaintiff was accused of committing sexual harassment acts on both occasions. The

20  Plaintiff pleads that (2) the Plaintiff has and is currently suffering extreme and

21

8

1 emotional distress caused by the incidents in this complaint. The Plaintiff also pleads

2 that (3) the actual causation of the emotional distress was caused by the Defendant's

3 outrageous conduct.

4   **8. Restatement (Second) of Agency § 213 - Negligent Training and**

5      **Supervision; Restatement (Second) of Torts § 317 - Negligent Supervision**

6      Under California law, an employer may be held directly liable for the behavior

7      of an unfit employee where the employer was negligent in the hiring, training,

8      supervising, or retaining of that employee. Delfino v. Agilent Techs., Inc., 145

9      Cal.App. 4th 790, 815 (2006). "A plaintiff alleging negligent training under

10     California law must show that the employer negligently trained the employee

11     as to the performance of the employee's job duties and as a result of such

12     negligent instruction, the employee while carrying out his job duties caused

13     injury or damage to the plaintiff." Garcia ex rel. Marin v. Clovis Unified Sch.

14     Dist., 627 F.Supp.2d 1187, 1208 (E.D.Cal.2009) (citing State Farm Fire &

15     Casualty Co. v. Keenan, 171 Cal.App.3d 1, 23 (1985)). Wells v. Regents of

16     Univ. of California, No. 15-CV-01700-SI, 2015 WL 5138181, at *6 (N.D. Cal.

17     Sept. 1, 2015)

18   The Defendant employs the persons responsible for both incidents that created this

19 lawsuit. The Defendant remained the employer of those persons after the incidents

20 occurred. The two employees from the first incident remained employees; the

21

9

1 Plaintiff saw them occasionally afterwards. The employees within the locker room
2 during the second incident also remained employees after the second incident; on the
3 numerous occasions the Plaintiff frequented the gym afterwards attempting to
4 reinstate his membership, the Plaintiff saw those employees. At least one employee
5 from each incident is a manager. The same pattern of negligent behavior happened on
6 two occasions, with the Plaintiff being reprimanded instead of the employees and
7 accusers.

8    9. **Restatement (Second) of Agency § 219 - When Master is Liable for Torts**
9       **of His Servants**

10       An employer is subject to liability for the torts of its employees acting outside
11       the scope of their employment when, inter alia, the employer itself was
12       negligent or reckless, Restatement § 219(2)(b), or the employee purported to
13       act or to speak on behalf of the employer and there was reliance upon apparent
14       authority, or he was aided in accomplishing the tort by the existence of the
15       agency relation, id., § 219(2)(d). Burlington Indus., Inc. v. Ellerth, 524 U.S.
16       742, 744, 118 S. Ct. 2257, 2260, 141 L. Ed. 2d 633 (1998)

17 In both instances where the Plaintiff was removed from the Defendant's place of
18 business, there was a manager present. It is reasonable for the Plaintiff to believe
19 those managers had authority to act on behalf of the Defendant. This belief is
20 traceable to the Defendant's manifestations: the Defendant placed the title 'manager'
21

---

10

1  upon these respective employees. Thus, the employer is subject to liability for the

2  actions of their employees in this instance.

3  **10. Restatement (Third) of Agency § 7.01 - Agent's Liability to Third Party**

4  [A]n agent acting with actual or apparent authority remains liable to a third

5  party for the agent's own tortious conduct. Restatement (Third) Of Agency §

6  7.01 (2006); Warner v. Sw. Desert Images, LLC, 180 P.3d 986, 992 (Ariz. Ct.

7  App. 2008) (quoting Griffith v. Faltz, 785 P.2d 119, 120-21 (Ariz. Ct. App.

8  1990)). Eversource Cap. LP v. Fimrite, No. CV-18-02583-PHX-SMM, 2019

9  WL 11638377, at *4 (D. Ariz. May 21, 2019)

10  The Plaintiff holds the agents employed by the Defendant responsible for their

11  tortious conduct. During the first incident in July 2022, there was a manager and an

12  employee present requiring the Plaintiff leave the gym facilities. During the second

13  and main incident in October 2022, there was a different manager and employee duo

14  requiring that the Plaintiff leave the gym facilities immediately. The Plaintiff will

15  obtain their names through discovery.

16  **V.  Injuries**

17  The plaintiff made this statement: The physical injuries I sustained as a case of the

18  events that occurred were due to the handcuffs. At the end of my detainment, I had

19  very dark marks on my wrists as a result of the handcuffs. As far as the economical

20  injuries, I can no longer access 24 Hour Fitness. This required me to purchase a

21

11

1  membership at a different, less convenient gym. 24 Hour Fitness conveniently had

2  many locations in the California Bay Area and Santa Cruz, whereas my current gym

3  has many fewer locations in the Bay Area and no locations near Santa Cruz. I travel

4  frequently; those 24 Hour Fitness locations were detrimental to my ventures. Thus, I

5  have to spend more time and money traveling to the gym, rerouting my ventures as

6  needed. As far as mental injuries, I was traumatized by both incidents. I've abruptly

7  lost many friends I connected with at 24 Hour Fitness and those supporting

8  relationships at the gym. Having already suffered through many other police brutality

9  events, this event has added onto previous traumas, and I feel even more unsafe when

10  near police officers. I constantly fear every conversation I participate in can possibly

11  result in traumatic events like those at 24 Hour Fitness. I am currently in and seeking

12  professional counseling. So far, I have only found an online support group.

13  ## VI.   Relief

14  The Plaintiff (he) would like to be compensated for all sustained injuries. As far as

15  economical injuries, the Plaintiff seeks 1500 dollars per month since the suspension

16  of his membership (October 2022). The Plaintiff, on average, has to spend an hour

17  per day driving to a less convenient gym (50 dollars for one hour each day).

18  As far as mental injuries and emotional distress, the Plaintiff suffers from the

19  trauma and embarrassment of having twice been forcefully removed from the gym.

20  The last time, the police pushed the half-naked Plaintiff out of the gym locker room,

21

Complaint for Violation of Civil Rights Under 42 USC 1981, 42 U.S.C. § 2000

CSJSER014

1  into the gym facilities, and finally outside into a police car. These events occurred

2  because the present manager refused to allow the Plaintiff to shower and collect his

3  belongings. The Plaintiff attends support groups every week and is seeking

4  professional counseling through a psychiatrist or therapist. The Plaintiff demands a

5  total of 3 million dollars, covering mental and traumatic anguish plus the current and

6  future costs of support groups and therapy.

7      The Plaintiff desires his membership at 24 Hour Fitness to be reinstated. The

8  Plaintiff demands 24 Hour Fitness revise its policies regarding member-member and

9  member-employee disputes to prevent occurrences of incidents like this from

10  happening again. As the Plaintiff stated earlier, without any forewarning and on two

11  different occasions, employees and police approached the Plaintiff, accusing the

12  Plaintiff of crimes and demanding the Plaintiff leave immediately. During the last

13  incident, the Plaintiff wasn't noticed there were any problems prior to police arrival;

14  the Plaintiff should have been alerted to the accusations when they occurred prior to

15  police arriving. The Plaintiff should have also been allowed to finish showering and

16  to collect his belongings within the locker room, rather than forced out of the locker

17  room by police.

18      The Plaintiff desires to be compensated for all costs of filing and litigating this

19  lawsuit. The Plaintiff also seeks an award of 2 million dollars in punitive damages

20  plus any other accommodation awarded by the Court.

21

13

Complaint for Violation of Civil Rights Under 42 USC 1981, 42 U.S.C. § 2000

CSJSER015

## VII.   Trial by Jury

The Plaintiff demands a jury trial as provided in Fed. R. Civ. P. 38(b).


DATED:   February 24, 2023

*Michael Floyd*

Michael Devin Floyd

Complaint for Violation of Civil Rights Under 42 USC 1981, 42 U.S.C. § 2000

CSJSER016

# VIII.   Defendants' Known Contact Information

1. 24 Hour Fitness USA

   1265 Laurel Tree Lane, Suite #200

   Carlsbad, CA 92011

   San Diego County

Complaint for Violation of Civil Rights Under 42 USC 1981, 42 U.S.C. § 2000

CSJSER017

SUPERIOR COURT OF CALIFORNIA
COUNTY OF SANTA CLARA
HALL OF JUSTICE

Filed
August 20, 2021
Clerk of the Court
Superior Court of CA
County of Santa Clara
C2111237
By: ZSiciliano

THE PEOPLE OF THE STATE OF CALIFORNIA,

Plaintiff,

vs.

MICHAEL DEVIN FLOYD (09/08/1989),
1901 IOWA AV KENNER LA 70062

Defendant(s).

FELONY COMPLAINT

DA NO: 210813622

CEN
21020495 EGI778 MDF HELD
08/20/2021

The undersigned is informed and believes that:

**COUNT 1**

On or about August 18, 2021, in the County of Santa Clara, State of California, the crime of
CARRYING A CONCEALED FIREARM IN A VEHICLE - FIREARM LOADED OR
AMMUNITION ACCESSIBLE AND DEFENDANT NOT REGISTERED OWNER, in violation of
PENAL CODE SECTION 25400(a)(1), a Felony, was committed by MICHAEL DEVIN FLOYD who
did while not in listed as the registered owner of the firearm pursuant to Penal Code section 11106(c)(1),
carry concealed within a vehicle which was under his/her control and direction a(n) handgun, which was
capable of being concealed upon the person and the firearm was loaded.

**COUNT 2**

On or about August 18, 2021, in the County of Santa Clara, State of California, the crime of
EXHIBITING A FIREARM, in violation of PENAL CODE SECTION 417(a)(2), a Misdemeanor, was
committed by MICHAEL DEVIN FLOYD who did, in the presence of another person, Hung Tran, draw
and exhibit a firearm, a(n) handgun, in a rude, angry and threatening manner and did unlawfully use the
same in a fight and quarrel.

Any defendant, including a juvenile, who is convicted of and pleads guilty and no contest to any felony
offense, including any attempt to commit the offense, charged in this complaint or information is
required to provide buccal swab samples, right thumbprints and a full palm print impression of each
hand, and any blood specimens or other biological samples required pursuant to the DNA and Forensic
Identification Database and Data Bank Act of 1998 and Penal Code section 296, et seq.

Further, attached and incorporated by reference are official reports and documents of a law enforcement agency which the complainant believes establish probable cause for the pretrial restraint of defendant MICHAEL DEVIN FLOYD, for the above-listed crimes.

Complainant therefore requests that the defendant(s) be dealt with according to law.

I certify under penalty of perjury that the above is true and correct.

Executed on August 20, 2021, in SANTA CLARA County, California.

DocuSigned by:

*webb*

0B8E6E9A4B84JF0

webb                                                                                    1155n

( White 4638)

SJPD (408) 277-5271   212300896 C

FEIN/ D367/ FELONY/ RG

THE FOREGOING INSTRUMENT IS
A CORRECT COPY OF THE ORIGINAL
ON FILE IN THIS OFFICE

MAY 0 4 2022

Clerk of the Court
SUPERIOR COURT OF CA COUNTY OF SANTA CLARA
BY _____ DEPUTY

# C2111237

## People of the State of California vs. Floyd, Michael Devin

🖶 Print

### Case Information

**Case Type:** Complaint - Felony
**Case Number:** C2111237
**Filing Date:** 8/20/2021
**Case Status:** Active
**Court Location:** Hall of Justice

## PARTIES

Show    All  ⌄  entries                                          Search:

| ‣ Type | First Name |
|--------|------------|
| Defendant | Michael |

Showing 1 to 1 of 1 entries                          Previous  1  Next

### Attorneys

Show    All  ⌄  entries                                          Search:

| ‣ Representing | First Name |
|----------------|------------|
| No data available in table | |

# HEARINGS

Show All ⌄ entries

Showing 0 to 0 of 0 entries

Search:

| Department | Type | Date | Time | Result |
|---|---|---|---|---|
| Department 39 | Preliminary Examination | 5/12/2022 | 9:00AM | |
| Department 39 | Preliminary Examination | 4/26/2022 | 9:00AM | Held |
| Department 39 | Preliminary Examination | 4/14/2022 | 9:00AM | Continued: Court's Motion |
| Department 35 | Preliminary Examination | 3/18/2022 | 8:31AM | Held |
| Department 34 | Hearing: Motion hearings | 2/24/2022 | 8:31AM | Held |
| Department 27 | Hearing: Motion hearings | 2/22/2022 | 9:00AM | Held |
| Department 27 | Hearing: Motion hearings | 2/14/2022 | 9:00AM | Held |
| Department 27 | Hearing: Motion hearings | 2/14/2022 | 9:00AM | Held |
| Department 27 | Hearing: Motion hearings | 2/14/2022 | 9:00AM | Held |
| Department 27 | Hearing: Motion hearings | 2/14/2022 | 9:00AM | Held |
| Department 27 | Hearing: Motion hearings | 2/14/2022 | 9:00AM | Held |

Previous 1 Next

CSJSER022

| Department | Type | Date | Time | Result |
|---|---|---|---|---|
| Department 34 | Preliminary Examination | 1/27/2022 | 8:30AM | Held |
| Department 34 | Preliminary Examination | 1/27/2022 | 8:30AM | Held |
| Department 34 | Preliminary Examination | 1/27/2022 | 8:30AM | Held |
| Department 34 | Preliminary Examination | 1/27/2022 | 8:30AM | Held |
| Department 34 | Preliminary Examination | 1/27/2022 | 8:30AM | Held |
| Department 34 | Preliminary Examination | 1/27/2022 | 8:30AM | Held |
| Department 34 | Preliminary Examination | 1/27/2022 | 8:30AM | Held |
| Department 32 | Preliminary Examination | 12/14/2021 | 8:30AM | Held |
| Department 37 | Preliminary Examination | 12/22/2021 | 8:30AM | Continued: Court's Motion |
| Department 34 | Preliminary Examination | 1/4/2022 | 8:30AM | Continued: Court's Motion |
| Department 34 | Preliminary Examination | 1/4/2022 | 8:30AM | Continued: Court's Motion |
| Department 34 | Preliminary Examination | 1/4/2022 | 8:30AM | Continued: Court's Motion |
| Department 34 | Preliminary Examination | 1/14/2022 | 8:30AM | Continued: Court's Motion |
| Department 34 | Preliminary Examination | 1/14/2022 | 8:30AM | Continued: Court's Motion |
| Department 34 | Preliminary Examination | 12/10/2021 | 8:30AM | Held |
| Department 34 | Preliminary Examination | 12/10/2021 | 8:30AM | Held |
| Department 34 | Preliminary Examination | 12/10/2021 | 1:30PM | Held |
| Department 34 | Plea and Identification of Counsel | 11/3/2021 | 9:00AM | Held |
| Department 34 | Hearing: Plea | 9/24/2021 | 1:30PM | Continued: Court's Motion |

CSJSER023

# HEARINGS

Show  25  ∨ entries

Search:

| Department | Type | ▾ Date | Time | Result |
|---|---|---|---|---|
| Department 24 | Arraignment: Complaint | 8/20/2021 | 1:35PM | Held |

Showing 26 to 26 of 26 entries

Previous  1  2  Next

CSJSER025