**No. 22-16243**

---

**IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT**

---

MICHAEL DEVIN FLOYD,

*Plaintiff-Appellant,*

v.

San Jose Police Department (SJPD), City of San Jose,
City of San Jose City Attorney Office,
Officer Joshua White of SJPD, Officer Dakota Peters of SJPD,
Sergeant Eugene Ito of SJPD, Officer David Moreno of SJPD,
State of California

*Defendants-Appellees.*

On Appeal from the United States District Court
for the Northern District of California
No. 3:22-cv-00751-CRB
Hon. William H. Orrick

---

**APPELLANT'S REPLY BRIEF**

---

Michael Devin Floyd
Pro Se
1901 Iowa Avenue
Kenner, LA 70062
(713)562-7229
mdf3039@gmail.com

*Attorney for Appellant*

---

1

# TABLE OF CONTENTS

**Page**

TABLE OF CONTENTS                                                    2

TABLE OF AUTHORITIES                                                 4

INTRODUCTION                                                         6

REPLIES TO ANSWERING BRIEFS                                          7

    I.   State of California                                    7

       A. Discretionary Felony Wobbler Not
          Reduced to Misdemeanor                            7

    II.  San Jose Defendants                                   8

       A. Santa Clara Superior Court System
          Meets Bias Criteria                               8

    III. Appellees Fail to Provide Rebuttals to Appellant's
       Arguments                                              8

ADDITIONAL ARGUMENTS                                                10

    I.   Floyd Informs Officers Gun Was Secured
       When Questioned                                       10

    II.  Second Motions Hearing Problems                       11

    III. Ongoing Court-Appointed Representation Problems        15

    IV. Witness Should Have Been Impeached With
       Inconsistent Statements                               17

    V.   Prosecutorial Misconduct By Using False Or Perjured
       Testimony                                             18

CONCLUSION                                                          20

STATEMENT OF RELATED CASES                                          23

CERTIFICATE OF COMPLIANCE 24

CERTIFICATE OF SERVICE 25

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Floyd v. Santa Clara Department of Correction et al,*
    US California Northern District, 3:22-cv-00750-CRB        17

*Hawkins v. Superior Court,*
    22 Cal.3d 584, 587, 592-593
    [150 Cal.Rptr. 435, 586 P.2d 916] (1978)        13

*Jaffe v. Stone,*
    18 Cal.2d 146, 150 [114 P.2d 335, 135 A.L.R. 775] (1941)        12

*Jennings v. Superior Court,*
    66 Cal.2d 867, 880 [59Cal.Rptr. 440, 428 P.2d 304] (1967)        12

*Jones v. Superior Court,*
    4 Cal.3d 660, 668 [94 Cal.Rptr. 289, 483 P.2d 1241] (1971)        12,13

*People v. Brice,*
    130 Cal.App.3d 201, 209 [181 Cal.Rptr. 518] (1982)        12

*People v. Marsden,*
    2 Cal.3d 118 (1970)        16

*People v. Superior Ct. (Mendella),*
    33 Cal. 3d 754, 759, 661 P.2d 1081 (1983)        13

*Phelps v. Hamilton,*
    59 F.3d 1058 (10th Cir. 1995)        20

*Robinson v. Pratt,*
    497 F. Supp. 116 (D. Mass. 1980)        22

*Scarlett v. Alemzadeh,*
    19-CV-07466-LHK, 2020 WL 3617781,
    at *5 (N.D. Cal. July 2, 2020)        20

4

*United States v. Bagley,*
    473 U.S. 667, 678, 105 S.Ct. 3375, 3381,
    87 L.Ed.2d 481 (1985)                                             18

*United States v. Griley,*
    814 F.2d 967, 971 (4th Cir.1987)                                 19

*United States v. Lochmondy,*
    890 F.2d 817, 822 (6th Cir. 1989)                                19

*United States v. O'Dell,*
    805 F.2d 637, 641 (6th Cir.1986)
    cert. denied, 484 U.S. 859, 108 S.Ct. 170,
    98 L.Ed.2d 124 (1987)                                            19

*Younger v. Harris,*
    401 U.S. 31 (1971)                                                8

*Withrow v. Larkin,*
    421 U.S. 35, 95 S. Ct. 1456, 43 L. Ed. 2d 712 (1975)             8

*Zemek v. Superior Ct.,*
    44 Cal. App. 5th 535, 257 Cal. Rptr. 3d 729 (2020)              15

**Statutes**

California Code of Civil Procedure
    128(a)(5)                                                        16
    428                                                              18

California Penal Code
    17(b)                                                           7,8
    995                                                              15
    25400                                                            7

United States Constitution
    2nd Amendment                                                    8
    4th Amendment                                                   12

# INTRODUCTION

Procedures and Protocols. Checks and Balances. Judgments and Appeals. A justice system could not function unless constructs are placed to ensure the power of one court system does not impede on the rights of American citizens. This is not the scenario where the slightest warning signs of problems/errors within one tribunal led a party to appeal to the Supreme Court of the United States for relief. Due process violations in these briefs cannot be summarized into a single misfiled motion, one unfollowed procedure, one erroneous verdict. There is a constant, flagrant pattern of unlawful behavior seen throughout the Appellant's state criminal proceedings in the Santa Clara Superior Court System. This Reply Brief starts where the Opening Brief stopped.

# REPLIES TO ANSWERING BRIEFS

## I. STATE OF CALIFORNIA

### A. DISCRETIONARY FELONY WOBBLER NOT REDUCED TO MISDEMEANOR

In California's Answering Brief section Statement of the Case, it is mentioned that, during Floyd's detainment and arrest, the officers found a firearm unregistered in the State of California. (AAB_Cal at 7). California then addresses the criminal complaint filed with respect to the confiscation of the firearm. (AAB_Cal at 8). Under California Penal Code § 25400, carrying a concealed and loaded firearm in the vehicle becomes a "wobbler" if and only if the weapon is unregistered. (AAB_Cal 34–36). Thus, it is at the District Attorney's discretion to charge the count as a felony or misdemeanor. In Floyd's First Motion to Suppress Evidence, First Motion to Dismiss, and Motion 17b, Floyd evidenced that Floyd was in lawful possession of the firearm at the time of the incident. Floyd is not a resident of California and could not have his weapon registered in California. Floyd did provide his driver's license and gun purchase receipt from Louisiana. (4-ER-575–576). Still, even with these excusable details, the DA not only retained the wobbler as a felony, but he also opposed the procedural reduction of the wobbler to a misdemeanor through the 17b motion. (4-ER-567–586). California's Answering Brief casually acknowledges this fact, but improperly mentions the

invocation of the Second Amendment as opposed to California Penal Code § 17b. (AAB_Cal at 9).

## II. SAN JOSE DEFENDANTS

### A. SANTA CLARA SUPERIOR COURT SYSTEM MEETS BIAS CRITERIA

Principle that fair trial in fair tribunal is basic requirement of due process applies to administrative agencies which adjudicate as well as to courts, and not only is biased decisionmaker constitutionally unacceptable but even probability of unfairness should be prevented.

*Withrow v. Larkin, 421 U.S. 35, 95 S. Ct. 1456, 43 L. Ed. 2d 712 (1975)*

The Santa Clara Superior Court system has shown bias throughout the state criminal proceedings. Far greater than a probability of unfairness, to expect the procedures, judgments and trial to be fair and impartial, at this junction, is improbable. Rather than recite arguments, view the Conclusion of this Reply Brief.

## III. APPELLEES FAIL TO PROVIDE REBUTTALS TO APPELLANT'S ARGUMENTS

Rather than providing a rebuttal to any of the Appellant's arguments in the Opening Brief, the State of California decided to create its own argument, wasting pages explaining the criteria for *Younger* abstention and how this case meets the initial criteria. *Younger v. Harris, 401 U.S. 31 (1971)*. The San Jose Defendants follow a similar pattern in their answering brief as well.

As the Appellant has stated, the San Jose Defendants lied and produced inaccurate statements to counter the Plaintiff-Appellant's original opposition to Younger abstention. Those statements should have been stricken. The Plaintiff-Appellant provided sufficient evidence of the at-present numerous due process violations in the ongoing state criminal proceedings. It would be unreasonable to assume Floyd would have a fair and impartial trial. In the present case, since there is a statute justifiably attacked on its face along with the numerous due process violations, the Court should not only stay the state criminal proceedings; the Court should remove these proceedings to federal court. The District Court absolutely erred in abstaining under *Younger*.

# ADDITIONAL ARGUMENTS

## I.  FLOYD INFORMS OFFICERS GUN WAS SECURED WHEN QUESTIONED

During Floyd's ongoing California state criminal proceedings, at the conclusion of the preliminary hearing, Judge Elizabeth Peterson delivered her verdict granting the suppression of Floyd's statements after Floyd was placed in handcuffs (3-ER-527) and denying the suppression of the firearm found during the warrantless, unconsented search of Floyd's vehicle on August 18, 2021. Judge Peterson's basis for the officers' probable cause to search was Floyd and Floyd's vehicle matched the description given by the alleged victim Hung Tran, Floyd stated the gun was believed to be unloaded, and Floyd stated the gun was not secured (3-ER-518–519).

This is not true. Floyd told the officers the gun was secured in his vehicle (6-ER-1026). This is what the transcript of the scene says (6-ER-1026). This is what can be seen from the officers' body worn cameras as well.

Judge Peterson mistook the statements of the officers in court for the truth of events. During the prelim, Officer White mistakenly recollected to the court that Floyd said his firearm was not secure (4-ER-638). Later, Officer Peters also incorrectly testified in court that Floyd said his firearm was not secure within Floyd's vehicle (4-ER-736). As seen from the transcript, these statements made by

both officers are wrong (6-ER-1026). Thus, Judge Peterson's grounds for probable

cause are inaccurate.

## II.   SECOND MOTIONS HEARING PROBLEMS

Floyd filed additional motions after the conclusion of the preliminary hearing:

the Second Motion to Suppress Evidence (2-ER-243) and the Second Motion to

Dismiss. (2-ER-232). These motions were heard at the second motions hearing.

The Motion to Alter the Protective Order from the Pitchess Motion and the Second

Racial Injustice Motion were filed months prior to the second motions hearing, but

the court decided to wait for the conclusion of the preliminary hearing; those

motions were also heard at the second motions hearing.

Judge Delgado presided over the second motions hearing. Judge Delgado, the

judge who presided over Floyd's first motions hearing: this is the same judge Floyd

attempted to get recused from these criminal proceeding with several motions; this

is the same judge who untimely responded to one of these motions and should have

been rightfully recused from these criminal proceedings. When Floyd asked Judge

Delgado about her moderation amidst the recusal, Judge Delgado simply stated

those aspects have been addressed by the court. (1-FER-79–80).

Needless to say, all motions were quickly denied during the second motions

hearing. The Second Motion to Suppress Evidence was denied: Judge Delgado

found sufficient probable cause to support a Fourth Amendment intrusion "... based

11

on the specificity of the 911 call and the fact that the defendant matched the suspect description and was driving a similar vehicle." (1-FER-95). This is an obvious error in legal finding: anyone with knowledge of another's weapon could therefore subject that person to an embarrassing, unconsented search based on that conclusion. An allegation is not enough to warrant a Fourth Amendment intrusion. (2-ER-243).

The Second Motion to Dismiss was also denied. (2-ER-232). Even though Floyd displayed the perjured statements of the alleged victim's testimony in that motion and despite that testimony being the only evidence the prosecution uses to arraign Floyd, Judge Delgado denied this motion. This is an obvious error in legal finding: Floyd aptly challenged the prosecution's evidence by illuminating the alleged victim's lies in his story.

It bears emphasis that "the preliminary examination is not merely a pretrial hearing." (*Jones v. Superior Court (1971) 4 Cal.3d 660, 668 [94 Cal.Rptr. 289, 483 P.2d 1241].*) "Rather, it is a proceeding designed to weed out groundless or unsupported charges of grave offenses and to relieve the accused of the degradation and expense of a criminal trial." (*People v. Brice (1982) 130 Cal.App.3d 201, 209 [181 Cal.Rptr. 518]*; accord, *Jennings v. Superior Court (1967) 66 Cal.2d 867, 880 [59 Cal.Rptr. 440, 428 P.2d 304]*; *Jaffe v. Stone (1941) 18 Cal.2d 146, 150 [114 P.2d 335, 135 A.L.R. 775].*) To

12

fulfill this function, the defendant is permitted at the preliminary hearing, if he chooses, to dispute the charges, confront witnesses, challenge the prosecution's evidence, and present evidence in his defense. (*Hawkins v. Superior Court (1978) 22 Cal.3d 584, 587, 592-593 [150 Cal.Rptr. 435, 586 P.2d 916]*; *Jones v. Superior Court, supra, 4 Cal.3d 660, 668*.) These procedural guarantees serve to implement the defendant's due process right to a pretrial determination of probable cause. *People v. Superior Ct. (Mendella), 33 Cal. 3d 754, 759, 661 P.2d 1081 (1983)*

Floyd had every right to confront his accuser in the court of law to clear his name. And Floyd did just that, making the alleged victim alter his story on the witness stand.

At the conclusion of the preliminary hearing, Judge Peterson flatly stated she perceived the witness to fear Defendant Floyd during the hearing, possibly leading to inconsistent statements by the witness. (3-ER-557). The inconsistent statements Judge Peterson referred to was the position the witness believes Floyd held his firearm. This was during the examination. (5-ER-870–871). The alleged victim confessed to 911 and Officer White that Floyd pointed a firearm at the alleged victim. (5-ER-875, 5-ER-880–881) But during the preliminary hearing, the alleged victim could not recall whether the firearm was directly pointed or brandished at him when examined by the DA. (5-ER-870–871).

These statements are not the inconsistent statements Floyd referred to in the Cross-Complaint and Motion to Dismiss filed after the preliminary hearing. (2-ER-77–83, 2-ER-232–242). So, the alleged victim's perjury was not out of fear. In addition, nowhere in any court of law should the perceived emotions of the witness obstruct justice. Floyd did not see any fear from the witness during cross-examination nor did Floyd deploy any harsh interrogation tactics. The DA nor judge never interjected on behalf of the witness during the preliminary hearing. This is the equivalent of holding a suspect to rape charges with the only evidence being an alleged victim who lied about prior engagements with the suspect.

With the guidance of the Santa Clara Superior Court system, anyone with motive and who knows Floyd to possess a weapon can waste Floyd's time in months of litigation, even amidst inconsistent statements and perjury because those inconsistencies will be taken as fearful mislapses.

Judge Delgado flatly stated:

> I am not at liberty, as a reviewing Court, to disturb her [Judge Peterson's] findings simply because Mr. Floyd considers the evidence more favorable to him and more credible than Mr. Tran's testimony. Therefore, the motion to dismiss is also denied in its entirety. (1-FER-96)

But this is exactly the purpose of the California Penal Code 995 Motion to Set Aside Information (Motion to Dismiss). If a reasonable person could not find the prosecution's evidence more credible, the charges should be dismissed.

> The magistrate considering a motion to set aside the information should not find an absence of probable cause simply because he or she finds the defense witnesses slightly more persuasive than the prosecution witnesses; rather, to reject the prosecution evidence at the probable cause stage, either the evidence presented must be inherently implausible, the witnesses must be conclusively impeached, or the demeanor of the witnesses must be so poor that no reasonable person would find them credible. *Zemek v. Superior Ct., 44 Cal. App. 5th 535, 257 Cal. Rptr. 3d 729 (2020)*

Using the preliminary transcript, Floyd captured the perjured statements made by the alleged victim and requested the Superior Court to dismiss the charges. The witness should have been impeached and the assault charge dismissed.

### III.   ONGOING COURT-APPOINTED REPRESENTATION PROBLEMS

Upon the conclusion of the preliminary hearing and at the start of the second arraignment on September 19, 2022, Floyd requested court-appointed representation once again. Floyd was responded to by a hostile representative of the Santa Clara Public Defender's office, Angela Calderon, who denied Floyd's re-application for court-appointed assistance, even though Floyd provided income

tax return statements for the previous two years. Those income tax returns showed Floyd made less than 15,000 dollars the previous two years. PD Calderon forcefully demanded Floyd's bank account statements for the past three months, denying Floyd's application when Floyd did not oblige the demand.

After a sealed hearing that qualified Floyd for court-appointed assistance (1-FER-71–73), Floyd filed a Motion to Disqualify Counsel, specifically the Public Defender's office. Floyd was not granted a *Marsden* hearing, the correct procedure under California law, and the motion was dismissed. *People v. Marsden, 2 Cal.3d 118*. After denial of Floyd's Motion to Disqualify Counsel (1-FER-32–41) on December 21, 2022, Floyd petitioned the California Court of Appeals for a writ of mandate directing the Santa Clara County Superior Court to vacate its order denying Floyd's Motion to Disqualify Counsel, pursuant to California Code of Civil Procedure § 128(a)(5). This writ, along with its exhibits, show the numerous appearances of impropriety and the conflict of interest with the Public Defender's office. (1-FER-22–26). There are clear conflicts of interest with Floyd and representation through the Santa Clara courts. Besides the clearly inadequate representation and improper denial of services, Floyd is confident documents have been shared by the County of Santa Clara attorneys and the County of Santa Clara Public Defenders. Floyd is the Plaintiff against the County of Santa Clara attorneys

in the case 3:22-cv-00750-CRB arising out of the California Northern District. (1-FER-25–26).

## IV.    WITNESS SHOULD HAVE BEEN IMPEACHED WITH INCONSISTENT STATEMENTS

Floyd filed the Cross-Complaint on September 20, 2022. (2-ER-77–83). During the following arraignment hearing on October 3rd, the presiding Judge Nishigaya continued the arraignment and postponed judgment on the cross-complaint; he stated the cross-complaint would be addressed during the motions hearing on October 11th. At that motions hearing, Judge Delgado stated the cross-complaint would be addressed during the next arraignment hearing on November 9th. During the November 9th hearing, a sealed hearing was ordered to address the noticed issues Floyd had with his denial of court-appointed assistance (1-FER-66–70); this further postponed the arraignment and judgment on the cross-complaint. (1-FER-71–73). The following hearing with Judge Pennypacker on December 21st addressed the Motion to Disqualify the Public Defender's office, once again postponing the arraignment and cross-complaint. (1-FER-32–41). During all of these hearings, Floyd requested the cross-complaint to be addressed; it seemed like the judges were unsure how to proceed but they all mentioned it would be addressed at the next hearing. (1-FER-2–3).

On February 8, 2023, Floyd was arraigned on the information in the second complaint by Judge Saban. Judge Saban, now oddly the fourth judge Floyd has

encountered for the second arraignment in Department 26, forced Floyd to answer to the arraignment while delaying judgment on the cross-complaint. Floyd desired the cross-complaint to be addressed first. Nevertheless, Floyd pled Not Guilty but a hearing was set for February 17th to address Floyd's cross-complaint and other documents he filed with the Santa Clara Superior Court. (1-FER-2–3).

Floyd filed a Motion to Impeach the witness Hung Tran on January 17th, 2023. (1-FER-11–13). Floyd also filed a Request to the Court for Pro Se Portal Access on December 20, 2022. (1-FER-74–77). These matters, along with the cross-complaint, were addressed at the hearing on February 17th, 2023. Prior to the hearing, Floyd filed a Notice for the Santa Clara Superior Court to better understand the issues raised during this February 17th hearing. Floyd provided further research, especially on the cross-complaint under California Code of Civil Procedure § 428. (1-FER-5–10). Still, Judge Saban denied the cross-complaint, impeachment motion, and portal access request.

## V.    PROSECUTORIAL MISCONDUCT BY USING FALSE OR PERJURED TESTIMONY

The knowing use of false or perjured testimony constitutes a denial of due process if there is any reasonable likelihood that the false testimony could have affected the judgment of the jury. *United States v. Bagley, 473 U.S. 667, 678, 105 S.Ct. 3375, 3381, 87 L.Ed.2d 481 (1985)*. In order to establish prosecutorial misconduct or denial of due process, the defendants must show

(1) the statement was actually false; (2) the statement was material; and (3)
the prosecution knew it was false. *United States v. O'Dell, 805 F.2d 637, 641
(6th Cir.1986)*, cert. denied, *484 U.S. 859, 108 S.Ct. 170, 98 L.Ed.2d 124
(1987)*. The burden is on the defendants to show that the testimony was
actually perjured, and mere inconsistencies in testimony by government
witnesses do not establish knowing use of false testimony. *United States v.
Griley, 814 F.2d 967, 971 (4th Cir.1987)*.

*United States v. Lochmondy, 890 F.2d 817, 822 (6th Cir. 1989)*

By filing the Cross-Complaint and Second Motion to Dismiss, Floyd has already
communicated to the Santa Clara District Attorney and the Santa Clara Superior
Court about the false statements made by the complaining witness Tran during the
preliminary hearing. (2-ER-77–83, 2-ER-232–242). The DA still attempts to bring
Floyd to trial using only Tran's perjured testimony to allege Floyd assaulted Tran.
This is (will be) prosecutorial misconduct.

**CONCLUSION**

There are exceptions to *Younger*. The Tenth Circuit in *Phelps v. Hamilton, 59 F.3d 1058 (10th Cir. 1995)* described Younger abstention as inappropriate where plaintiffs show that the state court proceedings are: "(1) frivolous or undertaken with no reasonably objective hope of success, (2) motivated by the defendant's suspect class or in retaliation for the defendant's exercise of constitutional rights, and (3) conducted in such a way as to constitute harassment and an abuse of prosecutorial discretion, typically through the unjustified and oppressive use of multiple prosecutions." *Id. at 1065* (internal citations omitted). Exceptions to Younger abstention, however, are "narrow" and a plaintiff "must provide something more than conclusory allegations that the state proceeding is the product of bad faith or harassment." *Scarlett v. Alemzadeh, 19-CV-07466-LHK, 2020 WL 3617781, at *5 (N.D. Cal. July 2, 2020)*.

In Judge Orrick's order granting Younger abstention, Judge Orrick notes the following issues with Floyd's state criminal proceedings in favor of the bad faith exception:

1. [Floyd's] Santa Clara public defender investigator has not adequately investigated his case; [Judge Orrick forgot to also mention Floyd's public

defender refused to file Floyd's Motion to Suppress and Motion to Dismiss, two standard preliminary motions (inadequate representation)]

2. The District Attorney amended the misdemeanor charge to a felony charge in response to and in retaliation for Floyd's motion to suppress;

3. [Floyd's] motion to dismiss for vindictive prosecution was denied;

4. The Santa Clara Superior Court filing system refused to file or otherwise accept some of his motions (including recusal motions);

5. The District Attorney refused to provide discovery or respond to motions to compel; and

6. Judges in the Superior Court incorrectly applied the rules of evidence in his proceedings. [preliminary proceedings]

Since Judge Orrick's order, additional bad faith actions taken throughout Floyd's state criminal proceedings include:

7. Preliminary hearing verdict holding Floyd to answer for assault charge without sufficient cause [DA's perjury committing witness's testimony versus Floyd's testimony and Floyd's heroic efforts to procure video surveillance (5-ER-974–981)]

8. The overseeing of another motions hearing by the lawfully recused Judge Delgado. And, during this motions hearing,

   a. A 4th Amendment intrusion granted solely from a 911 allegation.

b. Probable cause from perjured testimony

9. Denial of Floyd's re-application for court-appointed assistance, even though Floyd provided his tax returns for the previous two years.

10. Floyd's Motion to Disqualify Counsel, Public Defender specifically, was denied without the proper procedural *Marsden* hearing under California law.

11. Denial of witness testimony impeachment after perjury was committed

12. The threat of prosecutorial misconduct from the DA.

It is undeniable that federal courts have an obligation, not just a choice, to intervene in state proceedings when there is a possibility of irreparable injury 'both great and immediate' stemming from constitutional violations in those state proceedings and/or laws. Bias is apparent.

Plaintiff who seeks enforcement of a federal right against a state should not be abandoned by federal court if any reasonable remedy can be fashioned.

*Robinson v. Pratt, 497 F. Supp. 116 (D. Mass. 1980)*

Date: March 28, 2023

_____

Michael Devin Floyd
*Pro Se Attorney for Appellant*

# UNITED STATES COURT OF APPEALS

# FOR THE NINTH CIRCUIT

**Statement of Related Cases Pursuant to Circuit Rule 28-2.6**

The undersigned attorney or self-represented party states the following:

[**X**] I am unaware of any related cases currently pending in this court (Ninth Circuit).

[**X**]   I am aware of the following related case currently pending in US California Northern District Court: 3-22-cv-00750 Floyd v. Santa Clara Department of Correction et al. The order relating the cases will be attached, along with the order clarifying the relationship between the cases. (4-ER-561–562).

Signature _____*Michael Floyd*_____ Date March 28, 2023

# UNITED STATES COURT OF APPEALS

# FOR THE NINTH CIRCUIT

**Form 8. Certificate of Compliance for Briefs**

**9th Cir. Case Number(s)** 22-16243

I am the attorney or self-represented party.

**This brief contains _less than 4000 words_,** excluding the items exempted by Fed. R. App. P. 32(f). The brief's type size and typeface comply with Fed. R. App. P. 32(a)(5) and (6).

I certify that this brief:

[X] complies with the word limit of Cir. R. 32-1 (less than 7,000).

**Signature** _Michael Floyd_ **Date** March 28, 2023

## CERTIFICATE OF SERVICE

In accordance with Ninth Circuit Rule 25-5(f)(1), the electronic filing of the reply brief and further excerpt of records will be electronically served upon the appellee; no certificate of service is required.