No. 22-16243

IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

MICHAEL DEVIN FLOYD,

*Plaintiff-Appellant*,

v.

San Jose Police Department (SJPD), City of San Jose,
City of San Jose City Attorney Office,
Officer Joshua White of SJPD, Officer Dakota Peters of SJPD,
Sergeant Eugene Ito of SJPD, Officer David Moreno of SJPD,
State of California

*Defendants-Appellees*.

On Appeal from the United States District Court
for the Northern District of California
No. 3:22-cv-00751-CRB
Hon. William H. Orrick

**APPELLANT MOTION/REQUEST FOR JUDICIAL NOTICE**

Michael Devin Floyd
Pro Se
1901 Iowa Avenue
Kenner, LA 70062
(713)562-7229
mdf3039@gmail.com
*Pro Se for Appellant*

1

# INTRODUCTION / ARGUMENT

Appellant seeks judicial notice of the decision passed in the United States District Court, E.D. Texas, Lufkin Division for <u>Netflix, Inc. v. Babin, No. 9:22-CV-00031, 2022 WL 16948603 (E.D. Tex. Nov. 14, 2022)</u>.

Federal Rule of Evidence of Civil Procedure 201(d) requires a court to take judicial notice of an "adjudicative fact" upon request of a party. As more specifically discussed herein, the Appellant is entitled to judicial notice of the following adjudicative facts: 1) that the above-referenced order was made with respect to the pleadings and motions filed in that case, 2) the nature and truth of the allegations raised therein, 3) the nature and truth of the claims raised, and 4) the nature of the prayers for relief. There is much similarity between the allegations, claims, and prayers for relief in the aforementioned action and this appeal. Most notable,

> At least one of the indictments against digital-content service, which had released a film about a children's dance group that contained nudity, for producing, directing, or promoting a performance that included sexual conduct by a child was brought by Texas district attorney without any hope of obtaining a valid conviction, thus supporting bad-faith exception to Younger abstention doctrine, in digital-content service's action seeking to enjoin district attorney from re-indicting or otherwise pursuing charges

2

against it; there were no sex scenes in the film, only one scene contained nudity that depicted a dancer over the age of 18, and district attorney received notice before he sought the indictments that the dancer was over the age of 18 at the time of filming.

Netflix, Inc. v. Babin, No. 9:22-CV-00031, 2022 WL 16948603 (E.D. Tex. Nov. 14, 2022)

In an almost identical aspect, the Appellant in this appeal has proven that one of the indictments in his state criminal proceedings, Santa Clara County Superior Court #C2111237, is brought by the Santa Clara District Attorney without any hope of obtaining a valid conviction. Felony Assault with a Firearm under California Penal Code § 245 is being pursued with only the testimony of a witness who committed perjury during the preliminary hearing.

> "Conviction obtained by knowing use of perjured testimony is fundamentally unfair, and must be set aside if there is any reasonable likelihood that false testimony could have affected judgment of jury." People v. Kasim, 56 Cal. App. 4th 1360, 66 Cal. Rptr. 2d 494 (1997)

A prosecution is taken in bad faith, as required to justify federal injunctive relief against a pending state prosecution under an exception to the Younger abstention doctrine, if state officials proceed without hope of obtaining a

valid conviction. Netflix, Inc. v. Babin, No. 9:22-CV-00031, 2022 WL 16948603 (E.D. Tex. Nov. 14, 2022)

## GROUNDS FOR THE MOTION

The decision passed in Netflix, Inc. v. Babin, No. 9:22-CV-00031, 2022 WL 16948603 (E.D. Tex. Nov. 14, 2022) occurred on November 14, 2022. The Appellant filed his Opening Brief on November 21, 2022. The Appellant was unaware of this decision, finishing his Brief and research when is was passed down. The Appellant believes the order will be of significance to the decision in this appeal.

## RELIEF SOUGHT

The Appellant requests the Court to take judicial notice of the order and decision in Netflix, Inc. v. Babin when deciding this appeal and/or possible reconsideration of any other relief sought by the Appellant.

Date: June 19, 2023

_Michael Floyd_

Michael Devin Floyd
*Pro Se Attorney for Appellant*